FRANCES A. DRILLING, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

(Submitted January 29, 1923; decided February 2, 1923.)

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements. (See 234 N. Y. 234.)

---

GENERAL INVESTMENT COMPANY, Respondent, v. INTER-BOROUGH RAPID TRANSIT COMPANY, Appellant.

CLARENCE H. VENNER, Respondent, v. INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

CONTINENTAL SECURITIES COMPANY, Respondent, v. INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Constitutional law — summary judgment — right to trial by jury — bills, notes and checks — action to recover on promissory notes.*

*General Investment Co.* v. *Interborough R. Tr. Co.,* 202 App. Div. 804, affirmed.

*Venner* v. *Interborough R. Tr. Co.,* 202 App. Div. 804, affirmed.

*Continental Securities Co.* v. *Interborough R. Tr. Co.,* 202 App. Div. 804, affirmed.

(Argued December 8, 1922; decided February 27, 1923.)

APPEAL in each of the above-entitled actions from a judgment, entered July 5, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department which unanimously affirmed an order of Special Term granting a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice. The complaints alleged the making and delivery by the defendant of a series of promissory notes of $1,000 each, payable to bearer, or if registered to the registered holder thereof, with interest at seven per cent, on the 1st day of September, 1921, at the office of J. P. Morgan & Company. It alleged further that the plaintiff is and was the owner and legal holder of certain of said notes, payable to bearer; that said notes were duly presented for payment, and payment demanded, which was refused, and no part of the principal of said notes had been paid. The answer admitted the making, present-

ment, demand, refusal and non-payment of the notes specified in the complaint, but attempted to put in issue by a denial of knowledge or information thereof sufficient to form a belief, the plaintiff's ownership of the notes. Defendant in each action contended that it had been deprived of its right to a trial by jury granted to it by the Constitution of this state.

*A. H. Cole* and *James L. Quackenbush* for appellants.

*Elijah N. Zoline* for respondent.

Judgment in each case affirmed, with costs, on opinion of HOGAN, J., in *General Investment Co.* v. *Interborough Rapid Transit Co.* (235 N. Y. 133).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

HULBERT T. E. BEARDSLEY, Respondent and Appellant, *v.* AMERICAN BONDING COMPANY OF BALTIMORE, Appellant and Respondent.

*Principal and agent — contract — commissions — action to recover commissions alleged to have been earned as agents of defendant.*

*Beardsley* v. *American Bonding Co. of Baltimore,* 200 App. Div. 452, modified.

(Argued January 15, 1923; decided February 27, 1923.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 4, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict and upon the report of a referee. The action was brought by the plaintiff on behalf of himself and the assignee of his former partner to recover certain commissions alleged to be due upon business written by them as agents of the defendant during a period of four years, the points in controversy being the claim on behalf of the plaintiff that the contract provided for payment of the commission on all outstanding and unpaid premiums at the time of the termination of the agency, and also the payment of a commission upon all premiums paid in renewal of bonds written during the continuance of the