GENERAL INVESTMENT COMPANY, Respondent, *v.* INTER-
BOROUGH RAPID TRANSIT COMPANY, Appellant.

**Bills and notes — application for summary judgment under
rule 113, Civil Practice Act — denial of knowledge or informa-
tion sufficient to form a belief that plaintiff is and was on the
date of maturity the owner and holder of notes sued upon —
such answer insufficient and motion for summary judgment
should be granted unless defendant satisfies the court by affi-
davits or otherwise that he has a real defense to the action —
power to make rules of practice is inherent in the Supreme
Court.**

1. When an answer is served in an action to recover a debt or
liquidated demand arising on a contract, express or implied, sealed or
not sealed, the answer may be stricken out and judgment entered
thereon on motion, and the affidavit of the plaintiff or of any other
person having knowledge of the facts, verifying the cause of action
and stating the amount claimed, and his belief that there is no defense
to the action unless the defendant by affidavit or other proof shall
show such facts as may be deemed by the judge hearing the motion
sufficient to entitle him to defend. (Rules of Civ. Prac. rule 113.) A
defendant may in all cases successfully oppose an application for sum-
mary judgment under the rule by satisfying the court by affidavit or
otherwise that he has a real defense to the action and should be allowed
to defend. In order that a plaintiff shall succeed on such motion it
must appear from the moving papers and answering affidavits that
the defense or denial interposed is sham or frivolous.

2. Where in an action to recover upon five promissory notes pay-
able to bearer, which were part of a series for equal amounts, issued
and delivered by defendant, the plaintiff alleged, among other things,
its ownership of the notes for a valuable consideration, the maturity
thereof and that upon their maturity the notes were duly presented
for payment at the place where made payable, payment demanded
and refused and that no part of the principal of the notes has been
paid, and the sole denial of the allegations of the complaint made by
defendant was of any knowledge or information sufficient to form a
belief that plaintiff is and was on the date of maturity the owner and
holder of the five notes, and thereupon plaintiff noticed a motion at
Special Term, based upon the pleadings and an affidavit of its secretary,
who had personal knowledge of the facts set forth in his affidavit,
verifying in detail the facts alleged in the complaint, and no affidavit
controverting the facts stated in the affidavit of said secretary being

presented by defendant, the plaintiff was entitled to an order that the answer be stricken out and judgment directed pursuant to rule 113 of the Rules of Civil Practice, in favor of plaintiff and against defendant and the order granting such motion properly recited that the plaintiff on the hearing of the motion presented in open court for the inspection of the court and defendant, in support of its cause of action, the original notes sued on and which are the subject of the action and the serial number and amount of each note.

3. It was not necessary for plaintiff to substantiate its claim by common-law proof, and there is no merit in defendant's contention that, whether or not it has evidence to contradict such proof, it was entitled by article 1, section 2, of the Constitution of the state to have such proof given before a jury. The notes upon which the action was brought were negotiable instruments and possession of the same by the secretary of the plaintiff was *prima facie* evidence of ownership of the same by plaintiff.

4. Defendant further contends that the interpretation given by the courts to rule 113 of the Rules of Civil Practice is directly in conflict with the Constitution of the State of New York and that by the judgment entered herein it has been deprived of its right to a trial by jury provided by section 425 of the Civil Practice Act which provides in substance that an issue of fact in an action in which the complaint demands judgment for a sum of money must be tried by a jury. This cannot be sustained, but the power of the court upon such an application should be exercised with care and not extended beyond its just limits.

5. A contention that the legislature was powerless to delegate to a body of justices of the Supreme Court authority to formulate and adopt the rule in question is untenable.

6. In cases on promissory notes where the notes are produced in court in support of the application for a summary judgment, it is not only desirable but proper for the order granting judgment to recite that fact, and notes upon which summary judgment is granted should be marked as exhibits by the court, indicating that the same had been presented in evidence in support of the order directing the judgment, especially when the notes are payable to bearer and pass without indorsement. Or, otherwise, the court should seal the notes or require them to be placed in a safe depository to be returned under the order of the court and redelivered under like order to a person designated therein, after a final determination of the litigation.

*General Investment Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794, affirmed.

(Argued December 8, 1922; decided February 27, 1923.)

APPEAL from a judgment, entered April 27, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed an order of Special Term granting a motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*A. H. Cole* and *James L. Quackenbush* for appellant. It is only the strained construction which the court has given to this rule 113 which makes it unconstitutional. There is no authority to be found in the rule for the procedure which has been followed herein.   (*U. F. Trust Co. v. Fitzgeorge,* T. T. R. 620.)   The denial was neither sham nor false nor interposed merely for the purpose of delay.   (*People* v. *McComber,* 18 N. Y. 320; *C. Nat. Bank v. Townsend,* 87 N. Y. 8; *Hanna* v. *Mitchell,* N. Y. L. J. March 3, 1922; *Wayland* v. *Tysen,* 45 N. Y. 281.)   That the denial contained in the defendant's answer is proper in form, is not sham and denies a material allegation of the complaint is *res adjudicata* between these parties. (*Oppenheim* v. *Lewis,* 20 App. Div. 332; *Harley* v. *Plant,* 210 N. Y. 405; *Dahlstrom* v. *Gemunder,* 198 N. Y. 448; *Platt* v. *Seabeach Ry. Co.,* 170 N. Y. 451.)   The construction given rule 113 by the court makes it unconstitutional. (*Wayland* v. *Tysen,* 45 N. Y. 281; *Thompson* v. *Erie R. R. Co.,* 45 N. Y. 468; *Bennett* v. *Leeds Mfg. Co.,* 110 N. Y. 150; *Moot* v. *Moot,* 214 N. Y. 204; *Rogen* v. *C. C. M. Co.,* N. Y. L. J. Jan. 19, 1922; *Lloyd's Banking Co.* v. *Ogle,* 34 L. T. [N. S.] 586; *Thompson* v. *Marshall,* 41 L. T. [N. S.] 720; *Jones* v. *Stone,* 70 L. T. [N. S.] 174.)

*Elijah N. Zoline* for respondent.   Civil Practice Rule No. 113, as construed by the two lower courts, does not violate any provision of the Constitution of this state or of the United States.   (*Dwan* v. *Massarene,* 199 App. Div. 872; *Hanna* v. *Mitchell,* 202 App. Div. 504.)

HOGAN, J.   The appeal by defendant herein brings up for review a judgment of the Appellate Division entered upon an order which affirmed a summary judgment

granted at Special Term in favor of plaintiff under rule 113, Rules of Civil Practice. In view of the argument of counsel in his brief as well as oral that the stated rule is invalid in that it infringes upon the constitutional right of defendant to trial by jury, preliminary to a discussion of the question presented it is essential that reference be made to the pleadings of the parties in so far as the same have material bearing on the questions presented. Paragraphs one and two of the complaint allege the corporate existence of plaintiff and defendant, and are admitted in the answer. Paragraph third of the complaint alleges that on the first day of September, 1920, defendant for a valuable consideration and for value received, made, issued and delivered a series of promissory notes of one thousand dollars ($1,000) each, wherein and whereby it promised to pay on September 1st, 1921, to the bearer thereof, or if registered, to the registered holder thereof, at the office of J. P. Morgan and Company, New York, the sum of one thousand dollars on each of said notes and interest thereon at the rate of seven per cent per annum payable annually. That allegation of the complaint was not denied, therefore stands admitted.

The fourth paragraph of the complaint alleges that plaintiff is and was on the date of the maturity, the owner and legal holder of five of said notes, payable to bearer, referred to in paragraph third, the serial numbers of said notes being as follows: M1000, M15516, M15519, M15520, M15521. That upon the maturity of said notes the same were duly presented for payment at the place where by the terms of the same the notes were made payable, payment thereof demanded and refused, and no part of the principal of said notes has been paid.

Answering the allegations contained in paragraph fourth of the complaint defendant admits that five promissory notes payable to bearer, the serial numbers thereof being as follows: M1000, M15516, M15519, M15520 and M15521 were presented for payment upon maturity at

the place where the same were made payable by the terms thereof, that payment was refused and that no part of the principal of said notes has been paid, and alleged that said notes are a part of a series of notes of this defendant outstanding in the aggregate amount of $33,400,000, " but except as herein specifically admitted it denies any knowledge or information sufficient to form a belief as to each and every allegation in said paragraph contained."

Separate defenses were set out in the answer at great length and considered in the opinions of the justice at Special Term as well also in the opinion of the Appellate Division, both courts holding that the alleged facts were insufficient to constitute a defense to the action, and with such conclusions we are in accord.

The sole denial by defendant to the allegations of the complaint was of any knowledge or information sufficient to form a belief that plaintiff is and was on the date of maturity the owner and legal holder of the five notes, the subject of the action.   For a period of years the Codes regulating procedure in this state have provided that the answer of a defendant must contain " a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief," and such provision is now embodied in section 261, Civil Practice Act.

Notwithstanding the fact that this court held that an answer may be pronounced frivolous which denies any knowledge or information sufficient to form a belief of matters largely of record, where the means to obtain information were within the control of defendant or presumably within his knowledge (*Dahlstrom* v. *Gemunder*, 198 N. Y. 449; *Kirschbaum* v. *Eschman*, 205 N. Y. 127), under the Code of Civil Procedure the rule prevailed that the general issue could not be stricken out as sham (*Wayland* v. *Tysen*, 45 N. Y. 281) and that a verified pleading may not be stricken out as sham when it contains a denial of any material allegation of the complaint (*Thompson* v.

*Erie R. R. Co.*, 45 N. Y. 468), although shown by affidavits to be false and that an answer is not frivolous, unless it appears on mere inspection to be bad. (*Cook* v. *Warren*, 88 N. Y. 37.) The answer in the instant case is free from the defects assigned in the decisions under the former Codes of Procedure. It could not be stricken out as sham under section 538 of the Code of Civil Procedure, nor could judgment be given thereon as frivolous under section 537 of the Code of Civil Procedure.

While the form of denial adopted by defendant in this case was authorized by the earlier Codes of Procedure and at the present time by the Civil Practice Act, it has never been consistent with the administration of justice that such form of denial should be utilized in bad faith or for mere purpose of delay frequently disastrous to honest creditors. The legislature having had under consideration the enactment of the present Civil Practice Act, provided for a convention representing the judiciary and the bar to consider and adopt Rules of Civil Practice in lieu of existing rules relating to the Code of Procedure, which rules to be adopted should be consistent with the Judiciary Law and Civil Practice Act, and which should be binding upon the courts, justices and judges thereof except the Court for the Trial of Impeachments and the Court of Appeals. Such convention was held and Rules of Practice formulated, adopted and filed in the office of the secretary of state as required by such law. Rule 113 of the Rules of Practice provides a new remedy to be applied in the cases specified therein to dilatory answers which were held to be good in form under the earlier Codes of Procedure. The rule reads:

" Rule 113. Summary Judgment. When an answer is served in an action to recover a debt or liquidated demand arising,

" 1. On a contract, express or implied, sealed or not sealed, or

" 2. On a judgment for a stated sum;

the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend."

Under this rule plaintiff was within the limited class of cases which permitted it to obtain judgment summarily without proceeding to the trial of the action.

A defendant may in all cases successfully oppose an application for summary judgment under the rule by satisfying the court by affidavit or otherwise that he has a real defense to the action and should be allowed to defend. In order that a plaintiff shall succeed on such a motion it must appear from the moving papers and answering affidavits that the defense or denial interposed is sham or frivolous. If a defendant adduces facts upon the hearing of the application which constitute an apparent defense, he should be allowed to defend. Such is the law in England under a like rule of the Supreme Court of Judicature (English Practice Act, Annual Practice 1922, rule 3, page 13 — Order 14, page 150 — notes page 151 and following; Halsbury's Laws of England, volume 18, pages 190, 192, 194; *Wallingford* v. *Mutual Society*, 5 Law Reports, Appeal Cases, 1879–1880) and a conservative guide for adoption by our courts.

In the present case the plaintiff noticed a motion at Special Term, based upon the pleadings and an affidavit of one Quirk, secretary of plaintiff, that the answer be stricken out and judgment entered pursuant to rule 113, Rules of Civil Practice, in favor of plaintiff and against defendant as demanded in the complaint.

The affidavit of Mr. Quirk stated that he was secretary of the plaintiff, that he had personal knowledge of the facts set forth in his affidavit, that prior to the commencement

of this action plaintiff had purchased in the open market for value the five notes referred to in the complaint, the subject of this action, specifying the serial numbers of the notes, and has since been the owner and holder of the notes and each of them, and the same are, and at all times since the purchase thereof by the plaintiff, have been in its actual physical possession; and the original notes will be produced by plaintiff upon the hearing of the motion. That he personally presented the notes for payment to J. P. Morgan and Company, that they were counted and inspected by the representatives of that firm, who informed him that they did not have funds to pay the principal and refused payment thereof, but said that the coupons for the semi-annual interest thereon due September first, 1921, would be paid and thereupon defendant detached such coupons and delivered them to Morgan and Company and received the check of that company in payment for them, and re-asserted that the plaintiff is and was prior to the commencement of the action the owner and holder of the notes. The motion was brought on before Mr. Justice BURR at Special Term. No affidavits controverting the facts stated in the affidavit of Mr. Quirk being presented by defendant, an order was granted that the answer be stricken out and judgment directed pursuant to rule 113 of the Rules of Civil Practice, in favor of plaintiff and against defendant. The order made on the granting of the motion recited that the plaintiff on the hearing of the motion presented in open court for the inspection of the court and defendant, in support of its cause of action, the original notes sued on and which are the subject of the action, and the serial number and amount of each note, as directed by a memorandum made by Mr. Justice BURR upon the settlement of the order after hearing counsel for both parties.

It is contended by counsel for defendant that the conclusion by the justice at Special Term of the clause in the order that the notes in suit were presented on the hearing

of the application for summary judgment, and the affirmance of the order by the Appellate Division is equivalent to an admission by the justice at Special Term and by the Appellate Division as well as by plaintiff that before plaintiff was entitled to a judgment, it was necessary for it to substantiate its claim by proof, *i. e.*, common-law proof, and that whether or not the defendant has evidence to contradict such proof it is entitled by article 1, section 2 of the Constitution of the state to have such proof given before a jury.

We fail to discover merit in either of the suggestions advanced by counsel. The notes upon which the action was brought were negotiable instruments. Possession of the same by the secretary of plaintiff was *prima facie* evidence of ownership of the same by plaintiff. The application to the court was based upon the notes equally with the pleadings, the affidavit of the secretary of plaintiff having stated that the notes would be produced thereon. The liability of defendant upon the notes was already established by the admissions in the answer of defendant save its alleged lack of knowledge or information sufficient to form a belief as to the ownership of the notes by plaintiff. When, therefore, the plaintiff through its secretary and counsel presented the notes in court defendant immediately became possessed of knowledge and information denied by it in its answer. Upon production of the notes in court the instruments became under direction of the justice subject, if inspection of them was requested, to examination by counsel for defendant. Notice that the notes would be produced in court was given to defendant in the motion papers. Defendant omitted to file any affidavit or proof in support of its denial of information or knowledge as to the ownership of the notes or disclosing that it had a meritorious defense to the action. It was concededly a debtor on the notes for the principal due thereon and had knowledge that its trustee had paid the interest thereon on the day

the principal was due and removed from the instruments the coupons representing the interest paid. The notes were in court subject to delivery to defendant upon payment of the same. Defendant was thereby afforded opportunity to terminate the litigation. Evidently it concluded to rest upon the supposed weakness of the position of plaintiff. Under such circumstances the only reasonable conclusion the justice at Special Term could reach was that the denial in the answer was unfounded; that defendant had no defense to the action and the pleading was interposed solely for the purpose of delay in the administration of justice, a purpose designed to be obviated by the salutary provisions of the rule under which the application for summary judgment was made and granted.

Counsel for defendant asserts: " It does not contend that rule 113 is *per se* unconstitutional. It does claim, however, that the interpretation given to this rule is directly in conflict with the Constitution of the State of New York. It does claim that it has been deprived of its right to a trial by jury," and later calls attention to section 425, Civil Practice Act, which provides in substance that an issue of fact in an action in which the complaint demands judgment for a sum of money must be tried by a jury and asserts that by the judgment at bar it has been deprived of such rights. We are of opinion that defendant misconceives the purpose and scope of rule 113. We must accredit to the judges and members of the bar, constituting the convention at which the rule was formulated and adopted, a familiarity with the right of a party to trial by jury and the construction given by the courts to the provision of the Constitution preserving such right. The argument that rule 113 infringes upon the right of trial by jury guaranteed by the Constitution cannot be sustained. The rule in question is simply one regulating and prescribing procedure, whereby the court may summarily determine whether or not a *bona fide* issue exists

between the parties to the action. A determination by the court that such issue is presented requires the denial of an application for summary judgment and trial of the issue by jury at the election of either party. On the other hand, if the pleadings and affidavits of plaintiff disclose that no defense exists to the cause of action, and a defendant, as in the instant case, fails to controvert such evidence and establish by affidavit or proof that it has a real defense and should be permitted to defend, the court may determine that no issue triable by jury exists between the parties and grant a summary judgment.

In the instant case we conclude that the constitutional rights of defendant are not infringed by the rule, that the justice at Special Term properly held that no issue for submission to a jury was shown to exist between the parties. (*Eisele & King* v. *Raphael,* 90 N. J. L. 219–223; *Coykendall* v. *Robinson,* 39 N. J. L. 98; *Fidelity & Deposit Co.* v. *United States,* 187 U. S. 315, 319, 321; *Ex parte Peterson,* 253 U. S. 300, 309, 310.)

Counsel for the defendant further argues that the legislature was powerless to delegate to a body of justices of the Supreme Court authority to formulate and adopt the rule in question. The same question was argued in the case of *Hanna* v. *Mitchell* (202 App. Div. 504; affd., February 27, 1923, 235 N. Y. 534) and considered at length in the opinion of the court in that case, written by Justice PAGE (who was chairman of the convention which adopted the Rules of Civil Practice) and wherein is disclosed extended research of the exercise of the power questioned, and a conclusion that the power to make rules of practice is a judicial power inherent in and expressly conferred upon the Supreme Court; that the act providing for a convention to adopt Rules of Civil Practice merely provided a method and means whereby the court could conveniently and expeditiously exercise its judicial duty, and was in no sense a delegation of legislative power by the legislature. In such conclusion we concur.

Additional points are discussed in the brief of defendant to which due consideration has been given. They do not impress us as necessary to extended review or affect the conclusions reached by us.

Rules of Practice as well as provisions of the Civil Practice Act will doubtless give rise to diverse views of construction and application. We are in accord with the suggestion made by the Appellate Division in *Hanna* v. *Mitchell* (*supra*) that the power of the court upon applications for summary judgment " should be exercised with care, and not extended beyond its just limits." Numerous cases presenting various questions may arise under the rule in question and we assume that justices at Special Term may be confronted with applications involving intricate questions. In addition to suggestions already made as to the necessity of care in the application of the rule, we may add that in cases like the present one on promissory notes where the notes are produced in court in support of the application for a summary judgment, it is not only desirable but proper, as was done in the instant case, for the order to recite that fact. Further that notes upon which a summary judgment is granted should be marked as exhibits by the court, indicating that the same had been presented in evidence in support of the order directing the judgment. Especially is such plan desirable in cases where the notes are payable to bearer and pass without indorsement. Or that the court should either seal the notes or require them to be placed in a safe depositary to be retained under the order of the court and redelivered under like order to a person designated therein, after a final termination of the litigation.

In the present case the court in its order stayed execution for forty-eight hours after the entry of judgment. In its discretion it might have granted a longer stay. If during the continuance of a stay, defendant concluded to and did satisfy the judgment, it should be enabled to procure the notes that it might deliver them to the trustee,

if so desired, under the indenture outstanding as security for the same.   Or make such other disposition of them as it might be advised.

The specific suggestion may indicate a wise disposition of any material exhibits used upon applications for summary judgment particularly where they are material as constituting the basis in whole or in part of the subject-matter of the action.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed, etc.