ARMLEDER MOTOR TRUCK COMPANY OF NEW YORK, INC., Respondent, *v.* DANIEL V. BARNES, Appellant.

Second Department, December 14, 1923.

**Judgments — summary judgment — action on subscription for corporate stock — defense of release — affidavit of defendant shows basis of good defense — plaintiff's motion for summary judgment should have been denied.**

In an action to recover on an alleged stock subscription in which the defendant interposed a defense that plaintiff waived its right to enforce the subscription and released the defendant from all liability thereon, the plaintiff's motion for summary judgment should not have been granted, since the defendant submitted an affidavit in opposition to the motion in which he stated that on August 5, 1921, the plaintiff wrote a letter to him in which it stated that unless his subscription was paid within ten days a certificate of stock would be issued covering the amount already paid and his right to further stock would be waived, and it appears that the defendant never paid in accordance with the demand of said letter and no action was ever taken by the plaintiff to recover on the alleged subscription agreement until this action was commenced about two years after the letter was written.

While the affidavit of the defendant is not as full as might be desired, still it shows the existence of an honest defense, for, while the letter written by the plaintiff did not accomplish a forfeiture under section 54 of the Stock Corporation Law (now section 68 of the Stock Corporation Law of 1923), both parties apparently acquiesced in the cancellation or waiver for nearly two years and

it would be a question of fact under the circumstances stated whether the plaintiff was not estopped from asserting any obligation on the part of the defendant.

APPEAL by the defendant, Daniel V. Barnes, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 14th day of August, 1923, granting the plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, and also from the judgment in favor of the plaintiff entered in said clerk's office on the same day pursuant to said order.

*William Wills,* for the appellant.

*Henry Pearlman,* for the respondent.

YOUNG, J.:

The complaint alleges in substance that the defendant in agreement with other persons agreed to form the plaintiff corporation and to subscribe for one hundred shares of its stock of a par value of $100 per share; that the plaintiff was thereafter incorporated; that the defendant paid to the corporation $5,000 and received a certificate for fifty shares of stock; that demand was duly made upon him for an additional fifty shares of stock subscribed for by him and that the defendant has refused to pay the additional $5,000 so demanded. Upon these alleged facts judgment is demanded.

The defendant set up three separate and complete defenses in his answer. The third defense which is alleged in paragraph 8 of the answer is the only one material to this appeal. It is as follows:

" *Eighth.* And for a further and separate defense to said complaint the defendant alleges that on or about the 5th day of August, 1921, the said company, the plaintiff herein, did waive any right to enforce any subscription for more than fifty (50) shares of stock and to enforce payment from defendant for more than Five thousand ($5,000) Dollars and did release the said defendant from any and all liability upon, under or by reason of, the subscription agreement mentioned in said complaint, or any obligation thereunder to take, the balance of said shares of stock set forth in paragraph numbered ' Fifth ' of said complaint."

The facts upon which the defense is based are set forth in the answering affidavit of Daniel V. Barnes, sworn to the 2d day of August, 1923, and submitted in opposition to the motion for summary judgment, as follows:

" The third separate and complete defense to the alleged cause of action is set forth in paragraph Eight of the answer and is in

substance that the plaintiff released the defendant from any and all liability, if any, in excess of the sum of $5,000 so paid under or by reason of the conditional subscription agreement.

" The release so pleaded is based upon the following facts: Much to deponent's surprise and in direct contradiction of the oral understanding hereinbefore set forth, deponent received shortly after August 5, 1921, a letter dated that day directed to him and signed ' Armleder Motor Truck Company, John S. Hyatt, Treasurer,' demanding that this defendant pay an additional $5,000 to the plaintiff above named.  A true copy of this letter is annexed hereto as Exhibit A and made a part hereof.

" The second paragraph of said letter reads as follows:

" ' If not paid in to John S. Hyatt, Treasurer, by Friday, August 15th, 1921, a certificate of stock will be issued covering the amount paid by you and your right to further stock in the Company will be waived.'

" That the amount so requested to be paid by said letter was never paid into the Company, but in accordance with the terms of said letter a certificate of stock for the Fifty (50) shares subscribed and paid for by the defendant was issued to him by the Company which thereby elected to and did release this defendant from any additional or further liability to it, and his right, if any, to additional stock in the Company was forfeited.

" No action was ever taken by the plaintiff above named or by any one on its behalf to impose any liability upon this defendant by reason of his signature to the so-called conditional subscription agreement until this action was started on or about the 9th day of May, 1923, almost two years after the defendant's alleged default."

The learned court at Special Term was of the opinion that the acts relied on by defendant were futile to effect a forfeiture.

It is, of course, apparent that the notice sent defendant on August 5, 1921, was not in conformity with section 54 of the Stock Corporation Law.*  That statute required a sixty-day notice and the notice sent defendant was only a ten-day notice.

It will be observed also that the answer alleges a waiver on the part of plaintiff of its right to enforce defendant's subscription, while the affidavit of defendant in opposition to the motion states that plaintiff released the defendant from all liability in connection with his subscription.

It is apparent that plaintiff made no move against the defendant for nearly two years.  The notice is dated August 5, 1921, and the present action was begun on May 16, 1923.

* Now Stock Corporation Law of 1923, § 68.— [Rep.

While the affidavit of defendant is not as full as might be wished or expected, I am of the opinion that under the rule now laid down for our guidance by the Court of Appeals in these motions in the case of *General Investment Co.* v. *Interborough R. T. Co.* (235 N. Y. 133), summary judgment should not have been granted.

In that case, Judge HOGAN, writing for the court, said: " A defendant may in all cases successfully oppose an application for summary judgment under the rule by satisfying the court by affidavit or otherwise that he has a real defense to the action and should be allowed to defend. In order that a plaintiff shall succeed on such a motion it must appear from the moving papers and answering affidavits that the defense or denial interposed is sham or frivolous. If a defendant adduces facts upon the hearing of the application which constitute an apparent defense, he should be allowed to defend. Such is the law in England under a like rule of the Supreme Court of Judicature (English Practice Act, Annual Practice 1922, rule 3, page 13 — Order 14, page 150 — notes page 151 and following*; Halsbury's Laws of England, volume 18, pages 190, 192, 194; *Wallingford* v. *Mutual Society*, 5 Law Reports, Appeal Cases, 1879–1880†) and a conservative guide for adoption by our courts."

It seems to me that it cannot be said that the defense here can be regarded as sham or frivolous. It is shown that plaintiff served a notice upon defendant on August 5, 1921, which recited that " In accordance with resolution of Board of Directors of The Armleder Motor Truck Company of New York," etc., defendant's right to further stock in the company would be waived in case he failed to pay up in ten days.

It may be that this did not accomplish a forfeiture under the statute, but both parties apparently acquiesced in the cancellation or waiver for nearly two years. Evidently the company then desired the stock and it might be shown that the company issued it to someone else. I think it would be a question for the jury under the facts and circumstances shown whether the plaintiff was not estopped from asserting any obligation on the part of the defendant, under his subscription.

Furthermore, if it appeared that the stock was taken by the company and was worth more than par, or if the company derived some advantage in securing the stock, it would furnish a con-

---

* See English Rules of Supreme Court, Order 3, rule 6; Id. Order 14, rule 1; White, Stringer & King's The Annual Practice, 1921, pp. 13, 150, 151 *et seq.*, notes; White, King & Stringer's The Annual Practice, 1923, pp. 13, 151, 152 *et seq.*, notes.— [REP.

† L. R. [1879–1880] 5 App. Cas. 685.— [REP.

sideration for a finding that the company had released defendant from his obligation.   The record here does not show that the rights of creditors are involved in any way.

I think the defendant has shown facts sufficient to indicate that he has a defense.   We are cautioned that the power of the court upon an application for summary judgment " ' should be exercised with care, and not extended beyond its just limits.' " (*General Investment Co.* v. *Interborough R. T. Co., supra,* 144.)

The order and judgment should be reversed upon the law, with costs, and the motion for summary judgment denied, with ten dollars costs.

KELLY, P. J., RICH, KELBY and KAPPER, JJ., concur.

Judgment and order reversed upon the law, with costs, and motion for summary judgment denied, with ten dollars costs.