Bank of Lucedale (a Corporation), Respondent, *v.* United Naval Stores Co., Inc., Appellant.

First Department, July 6, 1925.

**Bills and notes — drafts — action of indorsee on accepted drafts — denial by defendant that plaintiff is holder in due course — defense that drafts were accepted for goods to be delivered before maturity of drafts and that no goods were delivered — defense further asserts false representation by drawer of drafts and knowledge by plaintiff — answer contains good defense, raising issues as to failure of consideration and knowledge of plaintiff — summary judgment for plaintiff denied.**

In an action by an indorsee to recover the face of several drafts, the plaintiff is not entitled to summary judgment on the ground that there is no defense to the action and that the answer is sham, since the answer denies that the plaintiff was the holder in due course and sets up as a defense that the drafts were accepted for goods to be delivered before the drafts matured; that representations by the seller of the goods to that effect were false and were made for the purpose of inducing the defendant to accept the drafts; that the goods were not delivered; and that there was no consideration for the drafts, all of which facts were known to the plaintiff when it received the drafts as an indorsee.

Appeal by the defendant, United Naval Stores Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of August, 1924, granting plaintiff's motion for summary judgment on the pleadings on the ground that there is no defense to the action and that the answer is a sham.

*Herman Brasch* [*William J. Miller* of counsel], for the appellant.

*Frueauff, Robinson & Sloan* [*Henry L. O'Brien* of counsel], for the respondent.

Dowling, J.:

The complaint herein sets forth three causes of action. Each is based upon a separate draft drawn by the Crichton Pine Products Company on defendant, respectively, on August 13, 1923, August 31, 1923, and September 17, 1923, in the amounts of $2,000, $1,750 and $1,700, payable the first two in four months from date, the latter on January 30, 1924; all accepted by the defendant and payable at the Chatham and Phenix National Bank, New York city. The Crichton Pine Products Company before maturity of each draft, and for a valuable consideration, indorsed the same and delivered it to the plaintiff bank. Upon the maturity date of each draft, the plaintiff presented the same for payment at the Chatham and Phenix National Bank, New York city, and demanded pay-

ment therefor, but payment was refused at the time that each draft was presented, whereupon all of said drafts were duly protested for non-payment, and no part thereof has been paid.

The defendant in its answer denies that the plaintiff is a holder in due course of said drafts. It also denies knowledge or information sufficient to form a belief as to whether the Crichton Pine Products Company before maturity indorsed the drafts and delivered them to plaintiff. For a further separate and distinct defense to each of the said causes of action, the defendant alleges that the drafts mentioned in the complaint were accepted by the defendant for goods to be delivered by the Crichton Pine Products Company to the defendant before said drafts should become due, which said goods were claimed to be in the process of manufacturing at that time, " but that said goods, nor any part thereof, had ever been delivered to the defendant " although delivery thereof was duly demanded. It is alleged that the defendant was induced to accept the said drafts, relying upon the said representations made by the Crichton Pine Products Company through its president, which were false, and made with intent to deceive and defraud this defendant; that the defendant received no consideration for the acceptances of said drafts; and that the plaintiff, through its officers and agents, was informed and had knowledge of said fraud and deceit of the Crichton Pine Products Company in procuring the acceptance of said drafts before the same were indorsed and delivered to the plaintiff, and that Mr. Luce, an active officer or director of the plaintiff, was also at all the aforesaid times an officer or director of the Crichton Pine Products Company, and actively engaged in its management.

It is further alleged that the Crichton Pine Products Company had paid all or part of said sum, due on the said drafts, to the plaintiff, in cash or merchandise.

In support of this motion an affidavit was submitted by G. M. Luce who it appears is president of plaintiff corporation, and who is the same party referred to in the answer as being an officer or director of both plaintiff and the Crichton Pine Products Company. Therein he said: " The defendant claims that it received no consideration for these drafts, and that its acceptance of the drafts was obtained by fraud and deceit and upon its reliance on the false representations of the Crichton Pine Products Company that it had goods in the process of manufacture at the time of the acceptance, and that no part of said goods had ever been delivered to it. That at the time of the endorsement and delivery of each of the drafts to the plaintiff, the plaintiff knew nothing whatever of the alleged failure of consideration claimed by the defendant, although

the plaintiff did know that the drafts were accepted by defendant in consideration of the promise of the Crichton Pine Products Company to deliver certain goods to the defendant before the maturity date of the drafts. The defendant claims now that the acceptances of the drafts were obtained by the Crichton Pine Products Company from the defendant by false and fraudulent representations."

The affidavit of Louis Wilson, treasurer of defendant, tends to support the allegations of the answer. It will be noted that there is a distinct claim set up that the goods in question were to be delivered by the Crichton Company to defendant before maturity of the drafts, which differentiates it from the cases cited by respondent. In my opinion the defense set up by the answer is not sham or frivolous. It raises important issues as to failure of consideration and as to knowledge thereof by plaintiff prior to the indorsement to it of the drafts in question, particularly as plaintiff admits that it knew the drafts were accepted by defendant in consideration of the promise of the Crichton Company to deliver certain goods to defendant before the maturity date of the drafts.

Under the rule laid down in *General Investment Co.* v. *Interborough Rapid Transit Co.* (235 N. Y. 133) the issues should be submitted to a jury for determination. I am, therefore, of opinion that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, MCAVOY and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.