The S. C. Beckwith Special Agency, Respondent, *v.* The Orange County Herald Publishing Co., Inc., and Another, Defendants, Impleaded with Rosslyn M. Cox, Appellant.

First Department, October 30, 1925.

Bills and notes — action on two promissory notes — defense of usury — notes were signed by corporation defendant and appellant — motion by plaintiff for summary judgment — answer and affidavits raise issue of fact — error to grant plaintiff summary judgment.

In an action to recover on two promissory notes signed by the appellant and the corporation defendant, in which the appellant pleaded the defense of usury, it was error for the court to grant summary judgment in favor of the plaintiff, since it appears that the defense interposed by the appellant, fortified by his affidavit, tends to show that the loan in question was not made to the defendant corporation but was made to the appellant; that the defendant corporation signed the notes at the request of plaintiff's president because stock in the

defendant corporation was put up as collateral; that the notes were given for $1,000 each, in excess of the amount loaned to the plaintiff; and that the affidavits by the plaintiff's president are inconsistent.

The answer and the affidavits raised an issue of fact on the question whether or not the money was loaned to the corporation defendant or to the appellant individually.

APPEAL by the defendant, Rosslyn M. Cox, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of July, 1924, granting plaintiff's motion to strike out said defendant's answer and for summary judgment in favor of the plaintiff against said defendant.

*Abram F. Servin,* for the appellant.

*Zeiger & Berliner* [*Joseph J. Zeiger* of counsel; *Ephraim Berliner* with him on the brief], for the respondent.

MARTIN, J.:

This is an action on two promissory notes by which, as the complaint alleges, defendants " *jointly and severally promised to pay to the order of the plaintiff* " the sum of $3,500 and the sum of $3,000, with interest. As to each note it is alleged that no part thereof has been paid excepting that the defendants are entitled to a credit thereon of the sum of $1,000, leaving a stated balance still due and owing.

The appellant answered denying that any amount was due upon either note and alleging as a separate defense that the note set forth in the first cause of action was delivered by this defendant to the plaintiff upon the corrupt and usurious agreement that the defendant should pay to the plaintiff and that the plaintiff should reserve and secure for itself, on the loan of $2,500 for three months, the sum of $52.50 interest, being at the rate of at least twelve per cent per annum, and that the plaintiff should further reserve and secure for itself for said loan the additional sum of $1,000. A similar defense was interposed to the second cause of action, that the interest was at the rate of twelve per cent per annum and the sum of $1,000 was also reserved.

The complaint was verified by the president of the plaintiff corporation who also avers his familiarity with the facts in the case and that the defendant is entitled to a credit of $1,000 on each note.

In one affidavit he sets forth the following: " I am the president of the plaintiff corporation and am personally familiar *with all the transactions constituting the cause of action.* The complaint states two causes of action, each upon a promissory note signed jointly and severally by the defendants."

214 Beckwith S. Agency *v.* Orange Co. Herald Pub. Co., Inc.

First Department, October, 1925. [Vol. 214

Subsequently he made another affidavit which is in part as follows: "The defendant, Cox, in November, 1922, when the loans involved were procured for the defendant corporation, was a complete stranger to me other than that I knew he was an officer of the Orange County Herald Publishing Co., Inc., which Company we represented in disposing of its advertising space in the national field.

"Mr. Cox told me that his company needed a loan and I referred him to our auditor and cashier, Mr. Thompson, in respect to the same. *That is all the dealings that I had with Mr. Cox.*"

The defendant Rosslyn M. Cox in an opposing affidavit sets forth his version of the transaction. He says:

"Some time prior to November, 1922, I owned the stock of the defendant, The Orange County Herald Publishing Co., Inc., and sold a portion thereof to the defendant Robert S. Carver. The Company publishes a newspaper in the City of Middletown. To secure part of the purchase price of his interest in the business said Carver had given me a note for Six thousand dollars, putting up as collateral therefor $6,000 in preferred stock of the said The Orange County Herald Publishing Co., Inc. In November, 1922, I needed money for personal matters and also desired to loan money to said defendant Publishing Company, and asked Carver to pay this note. Carver said he could not do so but that he knew a Mr. Beckwith personally and intimately and could get a loan from him. As a result of the conversation Carver and I went to New York and saw James T. Beckwith, president of the plaintiff and who makes the affidavit annexed to the moving papers herein. Said Beckwith agreed to loan me Five thousand Dollars but demanded notes for Seven thousand Dollars therefor. The transaction was consummated on November 28, 1922, and two notes, each for $3,500 were then given, bearing interest at six per cent. Said notes at the request of said Beckwith were made to the order of the plaintiff herein and the said plaintiff herein, through its said president Beckwith, had full and complete knowledge of all the circumstances of the transaction and of all the letters set forth in this affidavit. At the suggestion of Carver and Beckwith I also put up as collateral for the two notes the $6,000 of preferred stock of the said defendant Publishing Company which I held as collateral for Carver's note to me. At the request of Beckwith and for the sole reason that stock of the said defendant Publishing Company was put up as collateral the said notes were also signed by the said defendant Publishing Company.

"The statement of the affiant Beckwith that the said Carver and myself were indorsers for the accommodation of the defendant

Publishing Company is not the fact. The loan was not made to the defendant Publishing Company but to myself and Carver. There was no indebtedness whatever from the defendant Publishing Company to the plaintiff and no consideration whatever passed to it because of its signing the said notes or either of them.

" The notes were renewed from time to time, the last renewals being dated November 24, 1923, and interest was paid at each renewal upon the entire face of each note, and $500.00 was paid by me upon the principal of one of the notes.

" Some time after the last notes were made the defendant Carver and I became involved in business differences which have still continued and which existed at the time that the suit was brought upon the notes in question by the plaintiff, the president of whom James T. Beckwith, is Carver's personal friend.

" I reiterate my statement that the facts were as above stated and that the primary obligation was that of Carver and myself and that there was no consideration going to the defendant The Orange County Herald Publishing Co., Inc.

" I further say that the entire transaction was usurious and that the allegation in the complaint to the effect that the defendants are entitled to a credit of $1,000.00 on each note is simply an attempt on the part of the plaintiff to cloak and conceal the usurious nature of the transaction. No payment was ever made to the plaintiff on the principal of the said notes by any of the defendants excepting the payment of $500.00 which I have hereinbefore set forth."

Plaintiff's position is that the corporate defendant was the primary debtor and, therefore, that the defense of usury is insufficient. (See General Business Law, § 374.) According to plaintiff the loans were ultimately obtained from its bank and an excess was taken in each instance over what was required in order that a substantial balance might remain on deposit with the bank. Conceding that this is at least plausible, it is evident that there is an issue of fact to be disposed of by a trial. (*Curry* v. *Mackenzie,* 239 N. Y. 267; *Bank of Lucedale* v. *United Naval Stores Co., Inc.,* 214 App. Div. 81.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and MCAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.