THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK SALINSKY, Doing Business as CORTLAND VAN COMPANY, Defendant.

Supreme Court, Special Term, Albany County, July 19, 1962.

*Kent H. Brown* and *Sidney Kabalkin* for plaintiff. *Irving Rader* for defendant.

RUSSELL G. HUNT, J.   This is a motion for summary judgment to collect a forfeiture of $3,000 to the State from the defendant, an authorized motor carrier of household goods in New York City, because the latter violated his filed schedule of rates and charges for the transportation of such goods (Public Service Law, §§ 63-t, 63-bb). The defendant (the operator of "a one-man business, operating one moving van truck ", see defendant's affidavit in opposition, sworn to Feb. 28, 1962) denies, in his answer, that on six separate occasions in July and August 1961, he transported goods at rates *less* than called for in his filed tariff, but, in his opposing affidavit herein, he admits the truth of the allegations of the complaint and contends that the violations on these occasions were to meet competition and after he had filed a new tariff but before it had become effective, and, in addition, that the undercharges aggregated but $122.62. *De minimis non curat lex*, however, does not afford the defendant refuge; the commission acted herein in the public interest pursuant to the direction of the Legislature in relation to the regulation of the industry, and, the public interest is paramount.

The defendant's opposing affidavits do not set forth any basis for withholding the granting of the application made.  The unsupported assertion that the act violates the " Sherman Antitrust law " and the demand for a trial, even after the admission of the violations, do not change the holding in favor of the plaintiff.  Upon the papers and proof submitted the action has been established and the plaintiff is entitled to judgment.  The granting of summary judgment, however, is only partial.  There remains for disposition the contention of the defendant that there is a " triable issue of fact as to the amount or the extent of the damages " (Rules Civ. Prac., rule 113, subd. 3).

The statute prescribing the forfeiture or penalty does not fix a certain amount for each violation but leaves the penalty undetermined and as one " not to exceed the sum of one thousand dollars for each offense " (Public Service Law, § 63-bb).  While the plaintiff has not sued for the highest penalty that could be assessed, it does not follow that judgment must be entered for the amount which it has demanded.  The determination of the amount should follow a consideration of all the facts and circumstances, the public interest and necessity, the matter of reasonableness and the nature of the offense (see N. Y. Const., art. I, § 5; Civil Rights Law, § 11).  The issue in that respect is to await a trial as defendant demands, by " the court, jury or referee " (Civ. Prac. Act, § 1182; 20 Carmody-Wait, New York Practice,

pp. 669–671). Accordingly, a trial on the issue of damages is directed and is referred to the court and jury at the next Trial Term of this court to be held in September. " Upon the rendering of the assessment, the court shall direct the entry forthwith of the appropriate summary judgment " (Rules Civ. Prac., rule 113, subd. 3). The cases of *People* v. *C. & F. Trucking Co.* (N. Y. L. J., April 13, 1961, p. 12, col. 1) and *People* v. *De Rosa* (20 Misc 2d 631) have been considered but not followed because it does not appear that a trial on the question of the amount of damages was demanded or was considered and passed upon.