Louis B. Heller, J.
In this action to recover damages for personal injuries, plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice and an assessment of damages.
Examination of the papers shows that the automobile in which movant ivas a passenger, while at a standstill in a line of traffic, was struck in the rear by defendant’s car and forced to strike the motor vehicle ahead, resulting in plaintiff’s injuries. In support of this motion, movant annexes a photocopy of the indi *797 vidual defendant’s motor vehicle accident report which states: ‘1 #1 [deft.] hit #2 [auto in which pltf. was a passenger] forcing #2 into #3.” Also attached to the moving papers is a statement this defendant is alleged to have made to the police officer (not a witness) which, as here pertinent, states that this defendant “ was trying to replace foot pad on floor momentarily took his eyes off [sic] the road, when struck car (2) who in turn struck car (1).”
Here the court is concerned only with the individual defendant, who, plaintiff states, was the only defendant served. The latter appeared and his answer generally denies the material allegations.
On this motion there is no affidavit by the defendant, and his attorney’s affidavit in opposition is of no aid to the court and must be disregarded, since concededly it is not based upon personal knowledge but on hearsay (Cohen v. Pannia, 7 A D 2d 886).
On a motion of this nature, the court may ‘ ‘ summarily determine whether or not a bona fide issue exists ” and if defendant fails to “ establish * * * that [he] has a real defense ”, plaintiff prevails (General Inv. Co. v. Interborough R. T. Co., 235 N. Y. 133, 142-143). Absent an explanation by defendant in self-exculpation to contradict or controvert movant’s contention that the car in which he was a passenger was at rest when struck in the rear, and the defendant failing to “ satisfy the court * * * that there is any basis for his denial or any truth in his defense ”, plaintiff is entitled to summary judgment as a matter of law (Curry v. Mackenzie, 239 N. Y. 267, 270). Damages to be assessed at a hearing at Trial Term of this court after plaintiff shall have filed a statement of readiness and obtained a preference under the prevailing revised calendar rules.