De Forest C. Pitt, J.
This is a motion for an order granting summary judgment. The action is brought to recover statutory penalties imposed by section 63-bb of the Public Service Law upon the alleged violation by the defendant of the provisions of section 63-k and subdivision 2 of section 63-t of said law.
Heretofore, and on March 24, 1964, this court rendered its decision in which, after determining that plaintiff’s cause of action was sufficiently established to warrant this court as a matter of law to direct judgment in favor of the plaintiff, it was decided that a triable issue of fact as to damages existed. Accordingly, and in accordance with subdivision (c) of rule 3212 of the Civil Practice Law and Buies the court ordered a hearing before the court and jury at the next Trial Term in the Albany County Supreme Court for the purpose of assessing damages.
In rendering the 'aforesaid decision the court noted that section 63*1 of the Public Service Law provides for a forfeiture or penalty “ not to exceed the sum of one thousand dollars for each offense”. Noted also was the case of People v. Salinshy (35 Misc 2d 1024) wherein the matter was treated in similar fashion.
Upon reconsideration of this matter it is felt that the aforesaid decision is in error, and the court therefore, upon its own motion, is rendering this amended decision.
It has come to the attention of this court that in similar cases the court has fixed the amount of penalty and there has been no referral for assessment of damages. In the Salinshy case the motion for reargument was made and upon the hearing the matter compromised and settled. The basis for such procedure extends from the distinction between the words penalty and damage. The term “ penalty” is defined in Black’s Law Dictionary (4th ed.) as follows: “A punishment; a punishment imposed by a statute as a consequence of the commission of an offense. * * * Also money recoverable by virtue of a statute imposing a payment by way of punishment.” The word “ damages ” is defined in the same volume as, “A pecuniary compensation or indemnity, which maybe recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another.”
*330 The distinction is followed throughout the cases and appears to be recognized by statute as in section 7204 of the Civil Practice Law and Buies.
It is clear then that penalties or forfeitures constitute, in effect, a fine for the violation of law or for the failure to comply with a provision of law. The fixation of such penalties or forfeitures is within the sole province of the court in a motion for summary judgment. They are penal in nature and are similar to fines levied in a criminal proceeding under a statute providing for the same not in excess of a fixed sum.
Accordingly, the plaintiff’s motion will be granted and upon consideration of all factual matter before this court judgment may be entered in the sum of $50 for each of nine offenses or a total of $450.