█    RUTH SERRA, Respondent, v. RICHARD SOSA et al., Appellants.—█

█ Concur — Capozzoli, J. P., Markewich and Steuer, JJ.; Nunez, J., dissents in the following memorandum: I dissent and would affirm the order granting summary judgment on the opinion of Special Term. In this action by a passenger it is conceded that defendant-appellant Sosa operated a rented automobile with knowledge of defective brakes and that he crashed into an elevated pillar because he was not looking where he was going. In reversing and denying summary judgment in this case, the majority is nullifying the holding of our court in *Di Sabato* v. *Soffes* (9 A D 2d 297, 298–299). In *Di Sabato* we said: " One of the recognized purposes of summary judgment is to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial. While the courts are cautioned to exercise

the power to summarily direct judgment with full recognition that a party with a just claim or a valid defense is entitled to his day in court, timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation. On a motion such as this, the court is called upon to determine whether a bona fide issue exists. If the plaintiff's pleadings and other papers disclose no real defense and if the defendant fails to controvert such proof and establish by affidavits or other evidence the existence of a genuine defense, the court may find that no triable issue exists and grant summary judgment (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133, 142–143)." There is no claim of contributory negligence; the gross negligence of the defendant driver has been clearly established. No one entertains any doubt that plaintiff will eventually prevail. In my view the majority is "defeating the ends of justice" and "unnecessarily contributing to calendar congestion" (see *Di Sabato, supra*) by delaying the inevitable result.