Frederick B. Bryant, J.
The plaintiff above named has brought action pursuant to the provisions of section 3353 of the Public Health Law for a judgment declaring the forfeiture of the defendant’s automobile. The defendant, by unverified answer has generally denied the allegations of the complaint. The plaintiff now moves for summary judgment. He has presented an affidavit of the State trooper who had discovered marijuana in the defendant’s car and who sets forth on personal knowledge the facts which, if uncontroverted, would establish the plaintiff’s right to the relief sought. The defendant has submitted no affidavits or other documents in opposition to the motion but asserts that he is entitled to a jury trial as a matter of right since the action is for the recovery of a forfeiture. He argues that summary judgment does not lie because the granting of summary judgment would deny him a jury trial.
Section 3353 of the Public Health Law makes it unlawful to transport or to possess any narcotic drug in any vehicle. It further provides that any vehicle used in violation of the section shall be seized by any peace officer and forfeited as provided therein.
The procedure for the forfeiture and disposal of the property seized is outlined in subdivisions 3 to 9 of section 3353. Briefly, *1032 when the proper official — in this case the District Attorney— shall determine that a forfeiture has been incurred, he shall commence proceedings in the Supreme Court for a judgment declaring the forfeiture on notice to the owner. This procedure has been followed in the present case.
Subdivision 6 provides that forfeiture may be avoided* if the owner establishes by a preponderance of the evidence that the use of the vehicle in violation of the section was either unintentional or without lawful authority. It is noteworthy that on these issues the burden of proof is on the defendant. The plaintiff sustains its burden of proof by showing that a narcotic drug was being transported or possessed in the seized vehicle.
Section 3353 makes no provision for the method of trying the issues described. However, the case of Matter of Vergari v. Marcus (32 A D 2d 638, mod. 26 N Y 2d 764) clearly holds that the defendant is constitutionally entitled to a jury trial of the issues involved in the forfeiture. The question, therefore, is whether summary judgment can properly be granted or whether the grant of summary judgment deprives the defendant of his constitutional right to a jury trial.
Section 2 of article I of the New York State Constitution provides: “ Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever ’ ’.
This constitutional provision applies to both civil and criminal cases and extends the right of trial by jury to a broad group of actions. A cursory examination of the statutes will indicate that two dozen or more types of action, some of which were originally triable by jury and others which have been made so by express statutory enactment, are included within the constitutional protection. To all of these cases — except criminal cases — the CPLR applies as did its predecessors, the Civil Practice Act and the Rules of Civil Practice.
Rule 113 of the Rules of Civil Practice was the predecessor of CPLR 3212. It originally provided for the granting of summary judgment in a specified list of cases. Subdivision 3 thereof provided that summary judgment may be granted in an action “ On a statute where the .sum sought to be recovered is a sum of money other than a penalty(Emphasis supplied.)
In 1959 rule 113 was amended to eliminate this exception and to make it applicable to every party involved in every type of case. The Judicial Conference commented on this amendment as follows in its Fifth Annual Report (1960) (p. 20): “It was determined that there was no reason to continue the previous arbitrary restriction * * * since in every case the lack of a *1033 triable issue of fact was the only basis for the granting of the motion ” (Emphasis supplied.)
Thus, after 1959, the remedy of summary judgment was available in nearly all types of actions and the range of its application was further extended in CPLR 3212 to any action except a matrimonial action.
Since the right of a jury trial is constitutionally guaranteed in all of the many actions to which rule 113 and present CPLR 3212 apply, the question of the constitutionality of the summary judgment procedure was quickly raised. The Appellate Division, First Department, first considered the question in Dwan v. Massarene (199 App. Div. 872). In answer to the defendant’s contention that he was entitled to have the issues raised by his answer tried by jury, the court stated what has since become the classic interpretation of the summary judgment procedure, (p. 875): “ The true answer to the objection is, that the right of the defendant to a trial by jury depended upon there being a real issue to be tried; that the court had power to determine whether there was such an issue, or whether the apparent issue was fictitious and sham, not to try the issue if there was not one in truth as well as in form; and that the order [for summary judgment] decides, on most satisfactory proof supporting it, that the defense was destitute of truth and substance, and presented no real issue. ’ ’
This rule was expressly adopted and approved by the Court of Appeals in General Inv. Co. v. Interboro R. T. Co. (235 N. Y. 133, 142-143) where the court said: “We are of opinion that defendant misconceives the purpose and scope of rule 113. We must accredit to the judges and members of the bar, constituting the convention at which the rule was formulated and adopted, a familiarity with the right of a party to trial by jury and the construction given by the courts to the provision of the Constitution preserving such right. The argument that rule 113 infringes upon the right of trial by jury guaranteed by the Constitution cannot be sustained. The rule in question is simply one regulating and prescribing procedure, whereby the court may summarily determine whether or not a bona fide issue exists between the parties to the action. A determination by the court that such issue is presented requires the denial of an application for summary judgment and trial of the issues by jury at the election of either party. On the other hand, if the pleadings and affidavits of plaintiff disclose that no defense exists to the cause of action, and a defendant, as in the instant case, fails to controvert such evidence and establish by affidavit or proof that it has a real defense and should be permitted to defend, the court *1034 may determine that no issue triable by jury exists between the parties and grant a summary judgment. ’ ’
Therefore, it is this court’s opinion that there is no inconsistency between the constitutional requirement of a jury trial in the present action and the granting of summary judgment to either party on a proper showing of good cause therefor. If, pursuant to the provisions of CPLR 3212 the plaintiff presents proof which tends to support the allegations of the complaint, and demonstrates its right to the relief asked and if the defendant fails to controvert such proof in such fashion as to raise an issue for trial by the jury to which he is entitled, the court may properly determine that there are no issues to be tried and grant summary judgment accordingly. The court’s sole function is to determine whether there is any issue for trial. Cases cannot be tried by jury in a vacuum — there must be some issue for the jury to decide. (Esteve v. Abad, 271 App. Div. 725; Gerard v. Inglese, 11 A D 2d 381.)
Although this question of the right to summary judgment in an action for a penalty or forfeiture — expressly included within CPLR 3212 — has not yet been litigated on the appellate level, there is lower court authority for granting the motion. (People v. Salinsky, 35 Misc 2d 1024; People v. Ansonia Van & Stor. Co., 42 Misc 2d 328; Lamula v. Morris Plan Ind. Bank of N. Y., 173 Misc. 874.)
The defendant has submitted no answering affidavits or other papers which in any way refute the averments in the plaintiff’s moving papers. Because of the serious import of this lawsuit to the defendant, and because summary judgment is in any case a drastic remedy, the defendant should have an opportunity to answer the plaintiff’s motion if he chooses to do so. In his argument the defendant asserts that the pleadings themselves present issues of fact. In accordance with the procedural requirements on a motion for summary judgment that is not so in the absence of any verified answer or sworn affidavit setting forth the evidentiary facts which the defendant contends raise an issue for a jury trial. While a claim of illegal seizure would properly be the basis for an action brought by the defendant in replevin, the defendant may be able to set forth facts tending to show lack of intent, seizure of the vehicle for purposes other than those outlined in section 3353 of the Public Health Law or such other defenses as may raise an issue for trial. To this end the defendant will be allowed 15 days from the date of this decision within which to serve and file answering affidavits if so desired.
*1035 The motion for summary judgment is granted unless the defendant shall serve and file answering affidavits as provided herein which set forth such evidentiary facts as in the judgment of this court raise issues of fact for trial by jury. Order is to be submitted at the end of such 15-day period or after further consideration by the court in the event answering documents are submitted as provided herein.