agency contract. By stipulation of the parties, the questions of law and fact arising under the first two claims were sent to a jury for trial, with the agreement that if the jury found the contract to be as claimed by the plaintiff, there should be a referee appointed to take and state the account.

*John Ewen* for plaintiff, respondent and appellant.

*Charles Capron Marsh, George W. Field* and *Eli J. Blair* for defendant, appellant and respondent.

*Per Curiam.* We think the defendant has been improperly credited with payments made before September 7, 1909, to sub-brokers employed by plaintiff's firm, and also for the firm's office expenses.

The plaintiff's recovery should, therefore, be increased by adding thereto the sum of $1,120.14.

As so modified, the judgment should be affirmed, without costs to either party as against the other.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.

---

WILLIAM E. HANNA, Respondent, *v.* GERALDINE E. MITCHELL et al., Appellants.

*Constitutional law — validity of rule* 113 *of Rules of Civil Practice — bills, notes and checks — action upon promissory note.*

*Hanna* v. *Mitchell*, 202 App. Div. 504, affirmed.

(Argued January 8, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered August 4, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which unanimously affirmed an order of Special Term granting a motion by plaintiff to strike out the defendants' answer and for judgment in favor of plaintiff pursuant to rule 113 of the Rules of Civil Practice. The action was to recover upon a promissory note. The appellants contended that rule 113 of the Rules of Civil Practice is void (1) because chapter 370 of the Laws of 1921, under authority of which the rule was made, was an attempt to delegate legislative

powers and is, therefore, invalid; (2) because rule 113 denies to defendants the right to trial by jury; (3) because rule 113 is inconsistent with the Civil Practice Act.

*Frederick W. Bisgood* and *Herbert C. Smyth* for appellants.

*W. Montague Geer* for respondent.

*John Godfrey Saxe, amicus curiæ.*

Judgment affirmed, with costs, on authority of *General Investment Co.* v. *Interborough Rapid Transit Co.* (235 N. Y. 133).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

MUSKEGON STEAMSHIP COMPANY, Respondent, *v.* PLINY FISK et al., Appellants.

*Contract — sale — repudiation of contract of sale — action to recover amount deposited as liquidated damages.*

*Muskegon Steamship Corp.* v. *Fisk,* 200 App. Div. 621, affirmed.

(Argued January 11, 1923; decided February 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 17, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. On January 11, 1918, the Muskegon Steamship Corporation and one John F. Marskey entered into a written contract by which the former agreed to sell and the latter agreed to buy the steamship *Muskegon.* This contract was, immediately after its execution, deposited with the defendants, a firm of bankers doing business under the name of Harvey Fisk & Sons. It was stated in the contract that ten per cent of the purchase price of the vessel, to wit, $124,520, had been deposited, or would contemporaneously with the execution of the contract be deposited, by the buyer with Harvey Fisk & Sons. •This, upon the completion of the contract, was to go in part payment of the purchase price, the whole of which was to be paid to the seller when