JOHN M. RODGER, Plaintiff, *v.* GEORGE W. BLISS, Defendant.

Supreme Court, Monroe County, July 7, 1927.

Judgments — summary judgment — action on promissory notes and loans — general denial — answer dismissed and summary judgment for plaintiff granted under Rules of Civil Practice, rule 113.

In an action on certain promissory notes and loans alleged to have been made to the defendant, in which the answer interposed merely a general denial, a motion by the plaintiff for summary judgment, made under rule 113 of the Rules of Civil Practice, will be granted, where the affidavits by the defendant do not set out any facts tending to show a *bona fide* defense to the action. Allegations in the affidavits as to payment and the Statute of Limitations, cannot be considered, since those defenses must be pleaded in the answer to be available.

It is no defense to the action that both of the parties are residents of the State of Illinois and that the notes were executed therein, for the courts of this State have jurisdiction of contract actions, although the causes of action may have arisen in a foreign State.

MOTION for summary judgment under rule 113 of the Rules of Civil Practice.

*Sutherland & Dwyer* [*Arthur E. Sutherland, Jr.,* of counsel], for the plaintiff.

*Gilbert A. Nusbaum,* for the defendant.

RIPPEY, J. Six causes of action on contract are set up in the complaint and plaintiff has duly moved to strike out the answer and for a summary judgment under rule 113 of the Rules of Civil Practice.

If plaintiff is to succeed upon such an application it must appear from an examination of all the papers presented (1) that the action is one to recover a debt or liquidated demand arising either upon contract express or implied or upon a judgment for a stated sum;

and (2) that the defense or denial interposed is sham or frivolous. (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; *Hanna* v. *Mitchell*, 202 App. Div. 504; affd., 235 N. Y. 534; *Gravenhorst* v. *Zimmerman*, 236 id. 22; *Curry* v. *Mackenzie*, 239 id. 267; *Niles* v. *Seeler*, 240 id. 650; *Commonwealth Fuel Company, Inc.*, v. *Powpit Co., Inc.*, 212 App. Div. 553; *O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386; *Cleghorn* v. *Ocean Accident & Guarantee Corp., Ltd.*, 216 App. Div. 342.) As a general rule a verified answer may not be stricken out as sham if it contains a denial of any material allegation of the complaint even though it is shown by affidavits to be false and an answer is not frivolous unless it appears on mere inspection to be bad (*General Investment Co.* v. *Interborough R. T. Co.*, *supra*), but an exception to this rule occurs where the application is made for summary judgment under rule 113. An answer containing either a specific or general denial will be stricken out on such an application, in a proper case, as sham and frivolous where defendant fails to satisfy the court by facts shown by affidavit or otherwise and independent of such denial that he has an apparently genuine and real defense. (*O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386.) Although the right of the court without a jury to grant summary judgment in the class of cases specified in the rule is constitutional (*General Investment Co.* v. *Interborough R. T. Co.*, *supra*), nevertheless, the power of the court " should be exercised with care, and not extended beyond its just limits." (*Hanna* v. *Mitchell*, 202 App. Div. 504; affd., 235 N. Y. 534.) In granting judgment under this rule the court does not try the issues of fact; it determines, rather, whether the answer raises a *bona fide* issue to be presented to a jury. (*Hanna* v. *Mitchell*, *supra*.) It is necessary to test the sufficiency of the answer in the case at bar by the foregoing rules.

In the first two causes of action the plaintiff alleges that two certain promissory negotiable notes were made and delivered by defendant to plaintiff for a good consideration, that the plaintiff is still the owner and holder of the notes and that the aggregate sum of $660 and accrued interest is due thereon. In the answer defendant admits the making and delivery of the notes for a good consideration but denies that the plaintiff is the owner and holder of the notes and that any sum is due thereon. The notes were presented by plaintiff in open court with the application. They were negotiable instruments and their possession was *prima facie* evidence of ownership. (*General Investment Co.* v. *Interborough R. T. Co.*, *supra*.) No defense of payment is set up in the answer. Defendant's answering affidavit merely repeats the denials in the answer without setting up any facts from which it may be concluded that

these denials present any real defense. In the answering affidavit the defendant alleges that one of the notes dated October 5, 1920, "is outlawed in that more than six years have expired since the date of said note," but this fact, if true, cannot be proven under a general denial. The Statute of Limitations must be set up as an affirmative defense in the answer and no such defense appears. (Civ. Prac. Act, §§ 242, 261.) These notes were made in Chicago, Ill., and it does not appear what, if any, Statute of Limitations may exist in that State barring collection through limitation of time.

For a third cause of action the plaintiff alleges that, between the years 1922 and 1926, inclusive, he loaned defendant at his request an aggregate of $200 which the defendant agreed to pay the plaintiff upon demand with interest; that demand has been made but nothing paid thereon. In plaintiff's moving affidavit he states the circumstances of these loans and states that one of the loans was evidenced by a check for $100 which he is unable to produce because it has been lost and that the balance of the money loaned was in cash. The answer sets up a denial that any loans were made or moneys owing on account thereof, but in the answering affidavit the defendant states "that any moneys which were borrowed by him were repaid by him to the plaintiff." This constitutes a sufficient admission for the purposes of this motion that the loans were made and indicates that the denial is false. The answer contains no allegation of payment which is essential to present a genuine defense. (*Conkling* v. *Weatherwax,* 181 N. Y. 258.)

In the fourth cause of action plaintiff alleges that he and defendant made, executed and delivered to the First State Bank of Holland, Mich., their promissory negotiable note for $1,000 on July 2, 1926, the note being specifically set up in the complaint. The answer admits the making and delivery of the note as alleged. In the fifth cause of action plaintiff sets up the making and delivery for a good consideration by defendant and plaintiff as joint makers of a promissory negotiable note to the First State Bank of Holland, Mich., for $2,000 dated March 10, 1926, and payable six months after date and the discount of such note at the said bank, all of which is admitted in the answer. The complaint contains allegations to the effect that when these two notes were made and delivered, plaintiff and defendant agreed between themselves that each should be liable for one-half thereof, but that contrary to the agreement, when the notes became due, defendant failed to meet his obligation and plaintiff was required to and did pay the notes and accrued interest in full. The complaint further sets forth as a sixth cause of action that these notes were renewals of preceding similar joint notes under similar agreement as to the

liability of the parties for payment thereof and that plaintiff was required to pay out $840 interest to the said bank upon the said notes, one-half of which is due from the defendant less the sum of $35 which the moving affidavit states the defendant contributed toward payment thereon.

All of the circumstances of the making and delivery of these notes and the liability of the defendant thereon are set up in detail in the moving affidavits and the instruments themselves were presented to the court as part of the application for summary judgment. The answer contains general denials of these allegations and these denials are repeated in the answering affidavit but no *facts* are presented from which the court may conclude that under these denials the defendant has any genuine defense. In fact, the affidavit is so eloquent in its omissions as to persuade the court that no genuine defense is available. After specifically admitting that the notes presented valid claims of the bank against the parties and that defendant is liable for one-third thereof, defendant says in his affidavit that the parties to this action and one G. J. Deikema entered into a partnership in 1919 wherein it was agreed that the three partners should share the profits and losses equally, but no facts are shown to indicate that these were partnership notes or that Deikema had any liability on the notes. The loans from the Holland Bank were made prior to 1921, during which year the partnership was dissolved, and if the notes were then an obligation of the alleged partnership, there is nothing to indicate that Deikema continued liable for payment of one-third thereof. It is a significant fact that Deikema was the president of the bank where these notes were discounted and it is unlikely that plaintiff would have paid them in full had Deikema been liable for one-third of the amount due.

The defendant sets up in his answering affidavit that the notes were executed in the city of Chicago, Ill., and that all the agreements and transactions between the parties occurred there. The answer sets up as a separate defense the further fact that both parties to the action are residents of the State of Illinois and that the courts of New York State are without jurisdiction.

The law is well settled that the courts of this State will not usually take jurisdiction of actions in tort between parties resident of and located in another State, but that rule does not apply to actions upon contract. As to the latter class of actions, the courts of this State will entertain jurisdiction unless special reasons are shown why it should not be done. (*Belden* v. *Wilkinson*, 44 App. Div. 420; *Wertheim* v. *Clergue*, 53 id. 122.) The court having jurisdiction to determine the controversy acquired jurisdiction of

the defendant by his general appearance. (*Burckle* v. *Eckhart*, 3 N. Y. 132.)

The answer of defendant should be stricken out and summary judgment granted to plaintiff for $3,036.50, and costs.

So ordered.