Anna S. Cogswell, Plaintiff, *v.* Ray S. Cogswell, Defendant.

Supreme Court, Monroe County, September 9, 1927.

Husband and wife — separation — action to recover on separation agreement — no defense to action on note given by defendant — court will not reform one provision in contract — no defense to action to recover payments — summary judgment granted plaintiff.

This is an action to recover on a promissory note given in settlement of payments due on a separation agreement and also to recover payments thereunder. A modified separation agreement did not affect the original agreement except in so far as it changed the monthly allowance and provided that it was for the support of the plaintiff " and such children as shall be with her." The answer to the cause of action on the note seeks under a general denial to put in issue the ownership of the note. Since the note was produced by the plaintiff and there is no allegation of an affirmative defense, the answer raises no issue.

No issue is raised in the action to recover payments due under the modified separation agreement. The contention by the defendant that the sum of $400 per month was to be paid for the support and maintenance of the plaintiff and the three children of the marriage is not sustained by the agreement which specifies that the sum mentioned is for the support of the plaintiff " and such children as shall be with her." The court will not exercise its equitable powers to modify one provision of the agreement only, leaving the rest unaffected as framed by the parties. The plaintiff is entitled to summary judgment on both causes of action.

Motion by defendant for leave to serve an amended answer and motion by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*Remington, Remington & Keating* [*Francis John Remington*], for the plaintiff.

*Edwin C. Redfern*, for the defendant.

Rippey, J. Defendant moves for leave to serve an amended answer. A copy of the proposed answer was served with his motion papers and his affidavit presents a sufficient excuse. The defendant's motion should be granted and the proposed answer as served upon plaintiff's attorney may be deemed served for all purposes of this case and will be considered upon this motion as defendant's pleading herein.

The parties to this action were married on December 28, 1905, and lived together until November 16, 1918, when they separated and they have since lived separate and apart. They have three children. On January 21, 1919, they entered into a separation agreement by which plaintiff was given the custody of the children and defendant agreed to pay to plaintiff $200 per month for the support of herself and the three children, all of whom were then

living with her. There were many other provisions in this agreement not material to the questions to be settled here. On September 25, 1923, the parties entered into another agreement whereby the custody of the oldest daughter, then thirteen years old, was given to defendant and the custody of the younger daughter, then aged eleven, was given to plaintiff. The custody of the son, who was then seventeen years old, was not provided for in this agreement.

Under the latter instrument, defendant agreed to pay to plaintiff the sum of $400 each month, " which payment is for the support and maintenance of the party of the second part [plaintiff herein] *and such children as shall be with her.*" The latter agreement did not supersede the first agreement of separation but modified it in certain particulars, only leaving in force the first agreement except as to the particulars in which it was modified. In neither instrument does plaintiff specifically agree to support and maintain the three children or any of them out of the payments provided, although it was doubtless intended when the first agreement was signed that she should support all of the children who might live with her, and under the second agreement the youngest child. As the agreements stand, the most that she could be required to do was to furnish support to those children who *might be with her* from time to time.

Since October 1, 1924, defendant has been continuously in arrears in payments for at least two months. On February 18, 1927, plaintiff brought an action against defendant for the recovery of $2,650 which was then due and unpaid. Defendant settled that action by paying plaintiff $1,200 in cash and delivering to her his negotiable promissory note for $1,450, payable on April 5, 1927. Upon this note $1,200 has been paid. Plaintiff now sues upon this note for $250 and interest. Defendant, under a general denial, seeks to put in issue the question whether plaintiff is the owner and holder of the note and as to whether any sum is due. The note is produced by plaintiff. The answer contains no allegation of payment and it is clear that defendant has no defense to the action to recover on this note. (*Rodger* v. *Bliss*, 130 Misc. 168.)

Plaintiff also seeks to recover $1,600 claimed to be due and unpaid for the period from March to June, 1927, inclusive, and the complaint states a cause of action for recovery of that sum. Defendant fails to set up by affidavit or otherwise any facts to show that this sum has been paid and he has no defense on the ground of payment. (*Rodger* v. *Bliss, supra.*)

Defendant seeks to defend himself against recovery of the $1,600 claim on the ground that plaintiff has failed to perform her obligations under the separation agreement in two respects: *First,* defendant asserts that the sum of $400 per month was to be paid

for the support and maintenance of plaintiff and the three children, and as plaintiff has failed to support the three children, defendant having supported them for over a year last past, she cannot recover. As has been earlier pointed out, plaintiff made no specific agreement to support the three children.   At most she only agreed to support " such children as shall be with her " and she is ready and willing to support the youngest child, the only one over which she has any control.   *Second,* defendant alleges that plaintiff has violated that part of the agreement which prohibits plaintiff from influencing the children " to cease to respect or desire the society " of defendant. Defendant alleges that plaintiff is entitled at most to only $100 per month, inasmuch as defendant is supporting the three children, and asks " that said agreement be modified and reformed so as to provide for the support of the plaintiff only " and that such other equitable relief be granted as may be proper.

There is no attempt here to set aside the agreement in its entirety. No fraud is alleged in its inception.   It is not shown by defendant that any reason exists why a court of equity should interfere with an agreement fairly and advisedly made by defendant.   The agreement must be held  valid and enforcible in all  its terms until set aside in its entirety by a court of equity for fraud in its inception or for other reason which may be sufficient to nullify the agreement as a whole.   (*Winter* v. *Winter,* 191 N. Y. 462.)

Here an attempt is made to invoke the equitable powers of the court to modify one provision of the agreement only, leaving the rest unaffected as framed by the parties.   This the court has no power to do.   (*Stoddard* v. *Stoddard,* 227 N. Y. 13.)

The motion of defendant to serve an amended answer should be granted and the proposed answer served with the motion papers should be deemed served for all purposes of this case.

The answer as amended should be stricken out and judgment awarded to plaintiff for $2,090.55, with costs, including $10 costs of this motion.

So ordered.