SECURITY FINANCE COMPANY, Plaintiff, *v.* GEORGE M. STUART and Another, Defendants.

Supreme Court, Steuben County, October 8, 1927.

Pleadings — answer — amended answer as of course cannot be served under Civil Practice Act, § 244, following motion by plaintiff under Rules of Civil Practice, rule 113, where right has otherwise expired — allegations of fraud in amended answer are not sufficient to raise issue — amended answer was served for purpose of delay — action on promissory notes — defenses of failure of consideration and that plaintiff is not bona fide holder — plaintiff did not meet defenses — motion for summary judgment denied.

A defendant whose time to serve an amended answer as of course has expired, cannot, after the service by the plaintiff of a notice of motion under rule 113 of the Rules of Civil Practice for summary judgment, serve an amended answer, as a matter of course, under the provisions of section 244 of the Civil Practice Act.

A motion under rule 113 of the Rules of Civil Practice is not directed to the pleadings within the meaning of section 244 of the Civil Practice Act.

The allegations in the amended answer purporting to set up a defense of fraud in the procuring of the notes sued upon are not sufficient to raise that defense, since there are no allegations of facts constituting the alleged fraud.

In view of the fact that the action at the time of the service of the amended answer was on the Trial Term calendar and that the amended answer raised no new issues, it is apparent that it was served for the purpose of delay within the meaning of section 244 of the Civil Practice Act.

Plaintiff's motion for summary judgment is denied, since it appears that the answer sets up a defense of failure of consideration of the notes, and that the plaintiff knew of such failure of consideration and is not a *bona fide* holder for value, and since it further appears that the plaintiff did not show on the return day of the motion facts controverting the allegations contained in defendants' answer and, therefore, the issues raised on that defense must be tried. Furthermore, the answer raises an issue as to the amount and reasonableness of the attorney's fees claimed under a provision in the notes.

MOTION for summary judgment under rule 113 of the Rules of Civil Practice.

*Arland, Pratt & Pratt,* for the plaintiff.

*Sebring & King,* for the defendants.

RIPPEY, J.  On September 13, 1927, plaintiff served motion papers for summary judgment under rule 113 of the Rules of Civil Practice, the notice specifying that such motion should be heard at the Hornell term commencing September 19, 1927.  On September 17, 1927, defendants served an amended answer and now claim they have a right to do so under section 244 of the Civil Practice Act and thereby defeat a hearing upon the motion.  So far as material that section reads: " Within twenty days after the service of a notice of a motion addressed to the pleading, the pleading may be once amended by the party, of course, without costs and without prejudice to the proceedings already had.  But if it is made to appear to the court that the pleading was amended for the purpose of delay and that the adverse party will thereby lose the benefit of a term for which the cause is or may be noticed, the amended pleading may be stricken out, or the pleading may be restored to its original form, and such terms imposed as the court deems just."

Rules of Civil Practice 102, 103, 104, 106, 107 and 112 have their source in sections 488, 498, 537, 538, 545, 546 and 547 of the former Code of Civil Procedure.  Rules 109, 110 and 111 are new and are intended to further modernize our practice so that the sufficiency of the answer and reply may be tested by motion in the same way that the sufficiency of the complaint may be tested under rules 102 to 107, inclusive.  Section 244 of the Civil Practice Act is the same in substance as section 542 of our former Code.  Motions under the foregoing rules are addressed to the pleadings within the meaning of section 244 of the Civil Practice Act.

Rule 104 provides for treatment by the court of a sham or frivolous answer but a motion to strike out an answer under this rule must be based upon the pleading alone and it must appear on its face to be bad.  (*King Motor Sales Corporation* v. *Allen,* 209 App. Div. 281.)  Motions under rules 102, 103, 104, 106 and 107 must be made within twenty days after the service of the pleading to which the motion is addressed, and motions under rules 109, 110 and 111 must be made within ten days after the service of the pleading.

Rule 113 is new.  A motion under this rule is not directed to the pleadings.  It is directed to the question as to whether, in a limited class of cases, defendant has a genuine defense.  (*Hanna* v. *Mitchell,* 235 N. Y. 534.)  Where application for relief is made under this rule, the court may strike out the answer as sham or frivolous where the defendant fails to establish by satisfactory evidence that he has a real defense.  (*Rodger* v. *Bliss,* 130 Misc. 168.)  This showing must be made by affidavit or otherwise entirely independent of the answer.  (*Rodger* v. *Bliss, supra.*)

Supreme Court, October, 1927.          [Vol. 130

It follows that defendant is not entitled, as of course, to serve an amended answer under section 244 of the Civil Practice Act upon plaintiff's motion for summary judgment under rule 113 where his time otherwise to do so has expired.

Moreover, the amended answer does not set up facts upon which may be predicated a defense of fraud in the procuring of the notes sued upon. A mere allegation of fraud is insufficient. (*Knowles* v. *City of New York,* 176 N. Y. 430.) Otherwise the amended answer sets up facts which defendant claims show a failure of consideration. Similar facts, only differently pleaded, are set up in the answer. The action is upon the present Trial Term calendar of this court and it is clear that the amended answer is interposed for the purposes of delay. This motion must, therefore, be determined upon the merits upon the complaint, answer, plaintiff's affidavit and the bill of particulars. Plaintiff sues to recover on six promissory notes, each dated October 14, 1925. Five of the notes are for fifty-five dollars each and respectively became due two, three, four, five and six months after date. The sixth note was for thirty dollars and was due May 14, 1926. The notes also provided that in case of default in payment, the maker should pay a reasonable attorney's fee for collection and plaintiff seeks to recover fifty dollars as such fee. Plaintiff alleges that it purchased these notes for value before maturity without notice of any defect and that it is the owner and holder thereof, and these allegations of the complaint are supplemented by affidavits which, *prima facie,* substantiate them. Plaintiff produced the notes upon the argument of the motion. Denials in the answer are insufficient to raise any issue as to these facts. (*Rodger* v. *Bliss, supra.*) However, the defendant sets up facts in his answer by way of separate defense, which, if true, show a total failure of consideration for the notes, that the lack of consideration was known to plaintiff when it took title to them and that plaintiff is not a *bona fide* holder for value. These allegations require plaintiff to show upon this motion what it paid for the notes and all the facts concerning the transaction and this it has not done. The answer also raises an issue as to the amount and reasonableness of the attorney's fee claimed, assuming, without deciding, that issue is in the case.

The amended answer must be stricken out, the motion denied upon the merits, with ten dollars costs to defendants, with privilege to plaintiff to renew upon the same and/or additional papers as it may be advised. The case may remain upon the court calendar for trial.

So ordered.