THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY COHEN, Defendant.

City Magistrates' Court of New York, Borough of Queens, First District, July 1, 1936.

*Charles P. Sullivan, District Attorney of County of Queens* [*Anthony Livoti, Assistant District Attorney*, of counsel], for the plaintiff.

*Benjamin J. Haskell*, for the defendant.

SAVARESE, J. It appears that the defendant herein was the manager of a drug store at 4201 Queens boulevard, in the county of Queens. On June 3, 1936, this defendant was arrested charged with possession of a slot machine called the " Electric Eye," in violation of section 982 of the Penal Law, and also with maintaining

a gambling establishment at the said premises in violation of section 973 of the Penal Law. Separate complaints were filed; counsel stipulated they be tried as one.

The charges came on for hearing before this court on June 12, 1936. After a full hearing the questions to be determined narrowed down to, *first*, is the aforesaid " Electric Eye " machine a device dependent entirely upon luck or chance, or one requiring skill and ability; *second*, whether the giving of an award, premium or prize for attaining high score constitutes gambling in violation of the law, and *third*, was this defendant maintaining a gambling establishment.

Before determining the first, a distinction must be drawn between a game of chance and one of skill. Corpus Juris (Vol. 27, pp. 968 and 969) defines a game of chance in this language: " It is a game determined entirely or in part by lot or mere luck, in which judgment, practice, skill or adroitness have honestly no office at all, or are thwarted by chance; a game in which hazard entirely predominates."

Black's Law Dictionary (3d ed., p. 835) defines games of chance as follows: " One in which the result, as to success or failure depends less upon the skill and experience of the player than upon purely fortuitous or accidental circumstances, incidental to the game or the manner of playing it or the device or apparatus with which it is played, but not under the control of the player. A game of skill, on the other hand, although the element of chance necessarily cannot be entirely eliminated, is one in which success depends principally upon the superior knowledge, attention, experience and skill of the player, whereby the elements of luck or chance in the game are overcome, improved, or turned to his advantage."

The throwing of dice or the playing of cards delivered face down depends solely and entirely upon chance or luck, the element of ability or skill being wholly lacking. On the other hand, a game of chess or checkers is one where skill is all important. In such games as tennis, golf, billiards, bowling, skee-ball, or even in shooting galleries, where skill is so essential, it cannot be said that any one of them is a game of chance, even though occasionally an unskilled player may make a lucky shot. There is hardly a game known to man that is purely skill, where the slightest element of chance has no place.

In the case of *People ex rel. Ellison* v. *Lavin* (179 N. Y. 164, 170) the court said: " The test of the character of the game is not whether it contains an element of chance or an element of skill, but which is the dominating element that determines the result of the game."

The Court of Appeals, in *People* v. *Lyttle* (251 N. Y. 347), held that a game involving a test of skill is not illegal.

The city of New York had licensed this establishment, giving it the right to have such a device on the premises. The slot machine, more commonly called the " Electric Eye," is a device electrically operated. It is set in readiness by inserting a coin in the slot provided therefor and the operator then aims a pistol at a target. By pulling the trigger of said pistol a beam or ray of light is shot at the target and it is the operator's purpose to hit the bull's eye. The device is so adjusted that after each insertion of a coin to set it in operating condition the operator can pull the trigger and shoot fourteen times at the target. Skill in proper timing, as well as proper aiming, is essential. If the operator possesses skill or develops it by reason of practice, he may acquire enough ability to hit the bull's eye.

Hence, the court arrives at the conclusion that the " Electric Eye " device described herein, is a game of skill and ability, and that it is not prohibited by law.

This brings us to the second question. If as a result of such skill and ability, the operator scores a certain number of " hits " of the said bull's eye, he receives an award of some kind. Can it be said then, because an award is given to the one making a high score, that it constitutes gambling as defined by the statute? The court is of a negative opinion.

A premium or prize is an award or recompense for some act done; some valuable thing offered by a person for something done by others. The giver of the prize or premium does not enter into the contest. It is distinguished from a bet or wager in that it is known before the event who is to give either the premium or the prize. There is but one operation until the accomplishment of the act, thing or purpose for which it is offered. It is an award or recompense for some act done rather than a stake upon an uncertain event. The giving of such premium or prize, therefore, is not illegal.

Therefore, the complaint charging a violation of section 982 of the Penal Law is dismissed.

The complaint charging a violation of section 973 of the Penal Law must necessarily be dismissed since it is predicated upon the outcome of the former complaint.

The defendant is discharged.