JOSEPH A. PLATT, Plaintiff, *v.* WILLIAM J. ROSE et al., Defendants.

Supreme Court, Erie County, July 12, 1955.

*George N. Kassman* for plaintiff.

*Weyand, Albrecht & Maguire* for defendants.

*William J. Rose,* defendant in person.

VANDERMEULEN, J.   This is an action to recover the sum of $2,100, with interest, plus attorney's fees in the amount of $315, alleged to be due to the plaintiff under the terms of a negotiable promissory note set forth in the cómplaint.   This promissory note is dated November 22, 1954, and is payable to the order of Joseph A. Platt, plaintiff, thirty-nine days after date.   It is alleged to be signed by the defendant, William Richards, Jr., and to have been indorsed in blank by the defendant, William J. Rose, prior to delivery.

The answers consist of a general denial.   However, the instrument being a promissory note, consideration is presumed and the plaintiff is not obliged to allege or prove the same.   Presentment and notice of dishonor having been expressly waived both in the note and in the indorsement, there is no issue regarding either.

The plaintiff moves for summary judgment.   The affidavit of the plaintiff's attorney presents facts which substantiate the issues raised by the pleadings and which plaintiff is required to prove.   The affidavit of the defendant indorser, William J. Rose, in opposition to the motion presents no evidentiary facts in denial or contradiction of the facts alleged in the plaintiff's affidavit.   Such an evidentiary showing is indispensable.

There are no affirmative defenses contained in the answers. The defendant William J. Rose, in his affidavit, states certain facts which he claims constitute defenses to the plaintiff's cause of action and he requests an order permitting him to amend the answer on the " basis of right."   This assertion of a right is based on his erroneous interpretation of section 244 of the Civil Practice Act and his erroneous contention that a motion for summary judgment is a motion addressed to a pleading. It is not.   (See *Security Finance Co.* v. *Stuart,* 130 Misc. 538, and *Erie Commercial Corp.* v. *Then,* 259 App. Div. 786.)

The question now arises as to whether this court, as a matter of discretion, may permit the amendment. The policy of the courts favors granting of such relief but in the instant case the defendant has failed to make a cross motion for this relief as required by section 117 of the Civil Practice Act. (*Helfand* v. *Massachusetts Bonding & Ins. Co.*, 197 App. Div. 759.)

The defendant Rose sets up two defenses not in his answer but in his affidavit; briefly, one which might be called " conditional delivery " and the other " illegal consideration ". Although the defenses are not set up in the answer, nevertheless, the court may consider each from the matters set forth in the affidavit of the defendant indorser.

Considering first the defense of illegal consideration, the claim of the defendant indorser is that the transaction involved the giving of the note through the sale of " amusement " machines, which machines were gambling devices within the meaning of section 982 of the Penal Law of the State of New York. If this claim were established, this defense would be available to the defendant as a good and complete defense. However, the defendant fails to present any evidentiary facts upon which this court would be justified in sustaining this defense. There is no information or facts as to whether the results of the operation of this machine are controlled by chance or skill. There is only the hearsay conclusion of the defendant indorser that the notes were given in consideration of the sale of gambling devices. In fact, in the cases of devices similar to the one in question, it has been held that such are predominantly games of skill, not chance. (See *People* v. *Cohen*, 160 Misc. 10, and *Amusement Enterprises* v. *Fielding*, 189 Misc. 625.)

Taking up the question now of " conditional delivery ", the defendant claims in substance that he indorsed the promissory note before delivery only, first to guarantee *bona fides* of Richards, and second, to insure payment to the plaintiff when a certain mortgage transaction was completed.

As to the first, the defendant cannot escape liability. As to the second, it becomes a question whether this so-called " conditional delivery " constituted a condition precedent or a condition subsequent, for if the former, parol evidence can be shown to establish it, whereas, if the latter, parol evidence cannot be introduced to attempt to vary or contradict the written contract between the parties.

It was held error in *Ruppert* v. *Singhi* (243 N. Y. 156), to admit parol evidence to show that a promissory note was delivered pursuant to a contemporaneous agreement that it would

be discharged upon the happening of a certain event, holding that such evidence would not state a condition precedent but a condition subsequent.

Was the understanding of the parties herein that when the note was delivered, the indorser should not be liable until a certain event happened, or was it their understanding that his liability should attach upon the delivery of the note and be discharged on the happening of some subsequent event?

The defendant indorser in his affidavit states, among other things " that at the time of this sale the plaintiff knew that the defendant was without funds but was negotiating for a mortgage on certain real property owned by him, and that from the proceeds of said mortgage the plaintiff was to be paid.

" That at this time the plaintiff expressed doubt as to the reliability and bona fides of the defendant William B. Richards and desired a further guarantee that the obligation would be paid out of the mortgage proceeds when the mortgage was secured * * *.

" That to guarantee the bona fides of the defendant William B. Richards and to insure payment to the plaintiff ' when the mortgage transaction was completed ' your deponent indorsed the note stating at that time that said indorsement was for the foregoing purposes only and that your deponent ' did not desire in any way to be associated with the defendant William B. Richards in business.' That, therefore, the note was indorsed and delivered by your deponent for the reason only and accepted by the plaintiff for this reason alone, this being the stated purpose of the plaintiff at the time of delivery."

The case of *Central Hanover Bank & Trust Co.* v. *Duffy* (258 N. Y. 600, 601) was an action on a promissory note in which the defendant alleged that the note was a contingent liability payable only out of the dividends of a corporation of which the defendant was a stockholder, if and when such profits were earned. The plaintiff's motion for a summary judgment was granted as against the defendant maker of the note, the court stating " that the oral agreement that the note was a contingent liability was a condition subsequent which could not be availed of to vary the unconditional promise appearing on the face of the note."

The case of *White* v. *Douglas* (240 App. Div. 530) was an action on a promissory note in which the plaintiff's motion for summary judgment was granted, the court stating: " The only substantial defense relied on in the answer and in the affidavits submitted in opposition to this motion is that at the time the

original loan was made there was an agreement that it should be paid by applying in reduction thereof seventy-five per cent of the earnings of a Stock Exchange seat purchased by the defendant with the proceeds of the loan. This agreement is not in writing and cannot vary the definite terms of the note in suit which is payable on demand. (*Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291; *Smith* v. *Dotterweich,* 200 id. 299.) ''

In my opinion, the alleged agreement was a condition subsequent.

Judgment is hereby granted against both defendants for the sum of $2,100 plus interest from November 22, 1954, and attorney's fees in the amount of $315.