**Alice K. BARRETTE, Plaintiff,**

v.

**HOME LINES, INC., Defendant.**

United States District Court
S. D. New York.

Dec. 12, 1958.

Sargent & Sand, New York City, and Louis G. Davidson, Chicago, Ill., for plaintiff.

Gray & Wythe, New York City, for defendant, by Horace M. Gray, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff moves under Rule 12(f), Fed. R.Civ.P., 28 U.S.C.A. for an order striking paragraphs Tenth and Eleventh of the answer, which constitute the third affirmative defense.[1]

The complaint alleges that on June 15, 1957 the plaintiff, Alice K. Barrette, was injured aboard defendant's ship, the S/S Homeric, through the negligence of defendant. The third affirmative defense in the answer pleads clause 13(c) of the contract of carriage between plaintiff and defendant containing the following provision:

"13(c) * * * Suit to recover on any claim shall not be maintainable unless commenced *and process served* as follows:

(1) Within one (1) year from the date when the * * * injury occurred in respect of any claim for * * * bodily injury in any case where said section 4283A (of the Revised Statutes of the United States) shall apply; * * *." (Emphasis supplied.)

Plaintiff admits that the complaint in the instant action was not filed until July 31, 1958, more than one year after the date of the alleged injury. Process was served on August 4, 1958. Plaintiff does not deny that the limitation provision is a part of the contract of carriage, or that it would constitute an absolute bar, if valid, but strongly urges that clause 13(c) is invalid because it violates 46 U.S.C.A. § 183b(a)[2] which prohibits seagoing vessels such as the Homeric from providing for a shorter period for the institution of suits on claims for bodily injury "than one year, such period for institution of suits to be computed from the day when the death or injury occurred."

Rule 3, Fed.R.Civ.P.[3] provides that suit is commenced in the federal court by the filing of a complaint. Bomar v. Keyes, 2 Cir., 162 F.2d 136, 140–144, certiorari denied 1947, 332 U.S. 825, 68 S. Ct. 166, 92 L.Ed. 400; Gallagher v. Carroll, D.C.E.D.N.Y.1939, 27 F.Supp. 568. Rule 4(a) provides in part:

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. * * *"

Plaintiff asserts that § 183b(a) guarantees her a minimum of one year within which to institute suit, i.e. file her complaint. She argues that by requiring that process also be served within one year, the instant contract of carriage has in effect reduced her time to less than a year, for process cannot be served until the complaint has been filed. 2

---

1. Plaintiff had also moved to strike paragraph Ninth of the answer, alleging assumption of risk. However, that part of the motion has been withdrawn and I need address myself only to so much of the motion as relates to paragraphs Tenth and Eleventh.

2. 46 U.S.C.A. § 183b:
   "(a). It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise

or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred."

3. "A civil action is commenced by filing a complaint with the court."

Moore, Federal Practice, Par. 4.04 (2d ed. 1948).

Section 183b(a) was designed to prevent shipowners from imposing upon passengers unreasonably short periods of limitation on actions for personal injury. By this statute Congress has set out what it deems to be the shortest reasonable period of limitation. It is an absolute standard, any breach of which is invalid. Moore v. American Scantic Line, Inc., D.C.S.D.N.Y.1939, 30 F.Supp. 843, 845–847, affirmed 2 Cir., 1941, 121 F.2d 767.

I find that the requirement in clause 13(c) of the instant contract that process be served within one year necessarily reduces plaintiff's time below the permissible period and is, therefore, invalid under § 183b(a). It is no answer to assert, as defendant does, that process can be served on a corporation in a very short period of time. One does not have to strain to think of situations where it can be difficult to make service on a corporation attempting to evade such service. Certainly a litigant believing the provisions of commencement and service to be so interwoven as to require both conditions to be met within one year may be forced to abandon rights which he has in the belief that while he could commence his action within one year he could not both commence and serve within that period. A contract which attempts to "fritter away" a responsibility by giving the appearance of compliance with the statute, while in actuality evading compliance, is against public policy and should not be countenanced. The provisions of the contract must be fair, just, legal and reasonable.

The addition by the defendant herein of a limitation upon the period of service as distinct from commencement was arbitrary on its part. Congress has set an arbitrary standard of reasonableness, which may not be whittled down through the ingenuity of the draftsman of a contract.

However, since in the instant case plaintiff did not file her complaint until approximately 13 months after the date of the accident, it is important to determine whether the entire limitation provision in the contract of carriage is invalid or only so much of it as relates to the service of process. Plaintiff argues that the limitation on commencement of the action is inextricably tied to, and made dependent upon, the provision governing service of process and that, therefore, the invalidity of one must vitiate the whole. I find this argument persuasive. This is distinguishable from the situation in Foster v. Cunard White Star, Ltd., 2 Cir., 1941, 121 F.2d 12 where two separate provisions in the contract, one governing notice and the other governing institution of suit, were held severable. In the instant case the restrictions on the institution of suit, and service of process constitute an interwoven condition and are too closely related to be severed.[4]

I find, therefore, that the provisions of clause 13(c) limiting to one year plaintiff's time to institute suit and serve process are invalid in their entirety and do not constitute a defense.

Plaintiff's motion to strike defendant's third separate defense is accordingly granted.

Settle order.

---

4. This conclusion also accords with the rule of construction that a contract is to be construed most strictly against its author. 3 Williston, Contracts § 621 (Rev. ed. 1936). The rule is particularly applicable in the case of so-called adhesion contracts, such as the one in suit, where the contract is presented on a take-it-or-leave-it basis to one in a disadvantageous bargaining position. See Kessler, Contracts of Adhesion—Some Thoughts About Freedom of Contract, 43 Colum. L.Rev. 629 (1943); Oceanic Steam Nav. Co. v. Corcoran, 2 Cir., 1925, 9 F.2d 724, 727, 57 A.L.R. 163.