Jacob Mabkowitz, J.
Motion to strike defendants’ affirmative defense as sham, pursuant to rule 103 of the Buies of Civil Practice, or, in the alternative, to dismiss the affirmative defense as insufficient as a matter of law and for summary judgment, pursuant to rule 113 of the Buies of Civil Practice. A motion addressed to the pleadings, under rule 103, must be brought within 20 days after service of the pleading to which the motion is addressed (Rules Civ. Prac., rule 105 ; Central Nat. Bank v. Board of Educ., 3 A D 2d 258). The motion here was not timely made and to the extent that plaintiffs move under rule 103, the relief is denied.
*457 The other branch of the motion concerns itself only with a legal question involving the interpretation of a Virginia guest statute. This motion is not addressed to the pleadings and is, therefore, timely (Platt v. Rose, 208 Misc. 1). The factual situation may be briefly stated. Plaintiff sisters and two others gave defendant Avery a total of $50 to share the expenses of a trip to West Virginia in Avery’s automobile. While Avery was driving in Virginia, an accident occurred in which plaintiffs sustained injuries. Defendants have pleaded, as an affirmative defense, a Virginia guest statute (1950 Code of Virginia, vol. 2, tit. 8, § 8-646.1), which requires a plaintiff, who is “ a guest without payment ” to prove gross negligence. Both parties agree that the laws of Virginia are controlling since the accident took place there. Moreover, this court may take judicial notice of the laws of sister States (Civ. Prac. Act, § 344-a) and of the case law of a sister State (Phillips v. Phillips, 15 Misc 2d 884), and may interpret that law (Naphtali v. Lafazan, 8 A D 2d 22). Taking judicial notice of foreign law is discretionary with the court on motions addressed to the pleadings (Pfleuger v. Pfleuger, 304 N Y. 148), and there appears no bar to the taking of judicial notice similarly on this motion for summary judgment. The papers herein do not controvert plaintiffs’ claim that they paid money to defendant Avery for expenses of the trip. In fact, Avery has admitted su<f payment. The highest court of Virginia has determined, in a similar situation, that the said guest statute is not applicable when a defendant driver has received payment from a plaintiff passenger (Gammon v. Hyde, 199 Va. 918). Neither the papers submitted, nor the court’s research, raises any question as to the fact that the aforesaid decision is the law of the State of Virginia. This being so, the court having taken judicial notice thereof, and no issue having been raised concerning this decision, or the payments by the plaintiffs to defendants, it appears obvious that the Virginia guest statute is inapplicable to the instant case and cannot properly be pleaded as an affirmative defense. To that extent, therefore, plaintiffs’ motion for summary judgment dismissing the said affirmative defense is granted. Leave is granted to the defendants to serve an amended answer, within 10 days after service of a copy of this order, with notice of entry thereof.