SYLVIA A. TAUS, Appellant, *v.* PAUL TAUS, Respondent.

Supreme Court, Appellate Term, First Department, April 26, 1962.

*Goldberg & Hatterer (Samuel Sumner Goldberg, Irving Hatterer* and *Molly Neuwirth* of counsel), for appellant. *Henry Hirsch* for respondent.

*Per Curiam.* The separation agreement bound the defendant husband to pay to the plaintiff wife " for her support and maintenance, and for the support and maintenance of the two children, the issue of the marriage, ⁑ ⁑ ⁑ a total sum of Seventy Dollars ($70.00) per week, which said payments shall continue during the minority of the children and during the natural life of the said WIFE, or until this agreement is modified by mutual consent in writing." The following article provides " in consideration of the payment by the HUSBAND of the said sum of $70.00 per week, as set forth hereinbefore, the WIFE * * * hereby agrees to and does accept the said sum of $70.00 per week in full payment of all claims, * * * against the said HUSBAND * * * and all rights of alimony and attorneys' fees." There is no apportionment of the sum intended for the support of the wife and of that intended for the support of the children. The defendant undertook to pay the single sum of $70 per week for the support of both, during the minority of the children and during the life of the wife. The obligation to pay during the wife's life is co-ordinate with the undertaking to pay during the minority of the children. Whatever the defendant's hidden intentions or reservations, there is an explicit and unequivocal agreement to pay the plaintiff $70 per week during her natural life. That undertaking loses none of its efficacy nor is it converted into a conditional undertaking subject to earlier termination on either daughter's attainment

of majority, merely because joined with the promise to pay also during the minority of the children. The agreement does not provide that on the majority of a child the $70 payment is to be reduced. In the absence of such provision, the unconditional commitment to pay $70 per week remains in effect and must be met. (*Nichols* v. *Nichols,* 306 N. Y. 490, 496–497; *Rehill* v. *Rehill,* 306 N. Y. 126, 133; *Harwood* v. *Harwood,* 182 Misc. 130, affd. 268 App. Div. 974; *Yates* v. *Yates,* 183 Misc. 934, 936–937; *Cogswell* v. *Cogswell,* 130 Misc. 541.) The parties envisaged the possibility of a change in the payments when they provided that these should continue "until this agreement is modified by mutual consent in writing." That event, however, has not occurred.

The judgment should be reversed, with $30 costs to appellant, and judgment directed for appellant for $490 with interest and costs.

HOFSTADTER, J. P., and GOLD, J., concur; CAPOZZOLI, J., dissents in the following memorandum: I dissent and vote to affirm.

For the plaintiff to recover under the separation agreement she must show that all the conditions set forth in same have been met.

One of the conditions is "during the minority of the children". But one of the two children of the marriage is no longer a minor, having attained her majority since the execution of the agreement. Therefore, plaintiff cannot recover under the terms of the agreement, although she has other remedies. "[W]e may not * * * 'make a new contract for the parties under the guise of interpreting the writing'." (*Friedman* v. *Handelman,* 300 N. Y. 188, 194.)