Jacob J. Schwartzwald, J.
In this shipboard negligence action brought by a passenger against the owner of a transatlantic vessel, defendant moves for summary judgment under rule 113 of the Rules of Civil Practice on the ground that the action was not commenced within the time limited by contract between the parties. In opposition plaintiff asserts the invalidity of the limitation provision as being contrary to Federal law.
Plaintiff was injured during a voyage while the ship was at sea. The action was not instituted until 29 months after the occurrence. The contract of passage provides that “ suit * * * shall not be maintainable unless commenced and process served as follows: (1) within one (1) year from the day when * * * injury occurred ”. (Emphasis supplied, clause 22 of the contract.) The foregoing provision is pleaded as defendant’s sixth partial and complete defense.
*846 It is plaintiff’s contention that the inclusion of the words-, “ and process served” constitutes less than the one-year minimum period specified by law, thereby rendering the limitation-provision invalid. The Federal statute reads: “It shall be: unlawful for the * * * owner of any sea-going vessel * * * to provide by * * * contract * * * a shorter period * * * for the institution of suits on such claims,, than one year ”. (U. S. Code, tit. 46, § 183 b [formerly § 4283A] [Stipulations limiting time for filing claims and commencing suit].)
Both parties agree that this court “ must look to the decisions of the Federal courts to define the liabilities of shipowners for maritime torts ”. (Riley v. Agwilines, Inc., 296 N. Y. 402, 405.)
Plaintiff in support of his position cites a holding in the Federal court which in the. opinion of this court is squarely in point and is determinative of the issue here raised (Barrette v. Home Lines, 168 F. Supp. 141). Barrette held that the clause, the same as herein involved, barring an action “unless commenced and process served ”, within one year, was invalid. The court reasoned that since a Federal court action is commenced “ by the filing of a complaint ” (p. 142), the additional requirement that process be served within one year shortened the statutory limitation period by compelling the commencement of the action (i.e., filing the complaint) beforehand so as to allow sufficient time for the service of process before the expiration of one year. The court stated that the use of such provision, “by giving the appearance of compliance with the statute, while in actuality evading compliance, is against public policy” (p. 143). Undeniably, as urged by the defendant, the rule of procedure for commencing a civil action in the Federal court (by filing a complaint with the court) differs from that in the State court (by service of a summons). (See Baker v. Commercial Travelers Assn., 3 A D 2d 265, 268, 269.) However, such difference does not affect the soundness of the holding in the Barrette case. It was the clause itself which was declared invalid. The reason for not allowing the defense was that the clause did not conform to the statute and not because the action was brought in the Federal court.
The fact that the instant action is brought in the State court does not, in the opinion of the court, transform the invalid clause into a valid one.
In Sauerzopf v. North Amer. Cement Corp. (301 N. Y. 158) the case cited by defendant, the court was concerned with the problem of construing and applying the limitation provision contained in another Federal statute. That decision is of no aid *847 to the defendant in the present situation which concerns the defendant’s failure to comply with the Federal statute regulating contracts of passage.
Before concluding, a further matter must be mentioned. Without the formality of a written notice or a cross motion, plaintiff makes the suggestion that the court, having “jurisdiction to grant summary judgment ”, should “ grant summary judgment to plaintiff to the extent of dismissing the Third, Fourth and Sixth Defenses * * * for not presenting any triable issue of fact ”,
Plaintiff’s attempted use of defendant’s motion for summary judgment as a procedural device to have certain defenses struck, without having served a cross notice pursuant to section 117 of the Civil Practice Act, appears to be without authoritative support. Rule 113 of the Rules of Civil Practice is not directed to the pleadings. (See Security Finance Co. v. Stuart, 130 Misc. 538, 539.) While the case of De Rosa v. Slattery Contr. Co. (14 A D 2d 278) is cited by the plaintiff, it is of no aid to him, since the court there held that summary judgment may be awarded to an opposing party even in the absence of a cross motion pursuant to rule 113 of the Rules of Civil Practice. The plaintiff is not by his cross application seeking a judgment against the defendant. In reality he is asking for a corrective order limited to the striking of certain defenses, including the afore-mentioned limitation defense, from the defendant’s answer (see Esteves v. Swobodzien, 195 Misc. 956, 957).
It is the court’s opinion that a cross motion to strike defenses in an answer must be made on notice pursuant to section 117 of the Civil Practice Act. (See Platt v. Rose, 208 Misc. 1, 3.)
Defendant’s motion for summary judgment is denied. Plaintiff’s cross application to strike defense is denied without prejudice.