RAY HARRIS et al., Respondents, v ECONOMIC OPPORTUNITY COMMISSION OF NASSAU COUNTY INCORPORATED, Appellant.

Supreme Court, Appellate Term, Second Department, April 11, 1989

**APPEARANCES OF COUNSEL**

*Daniel Mandel* and *Norman Bard* for appellant. *Linden & Deutsch (Joseph Calderon* of counsel), for respondents.

## OPINION OF THE COURT

DiPAOLA, P. J.

Defendant, a charitable institution, ran a raffle in order to raise funds for the Martin Luther King Scholarship Fund. Raffle tickets were purchased by plaintiff Ray Harris on behalf of plaintiff B. W. Harris, Inc. One of the raffle tickets was the winner of the prize, an automobile, but defendant refused to award the prize, claiming that it was initially unable to locate Ray Harris and it thereafter returned the automobile to the dealer, which returned the amount paid therefor, and the funds were deposited into the scholarship fund. Plaintiffs thereafter instituted suit to recover the value of the prize and defendant interposed the defense of illegality.

All forms of gambling, other than the State-run lottery, are prohibited by the New York State Constitution with the exception of games of chance commonly called bingo or lotto, and games in which prizes are awarded on the basis of a winning number or numbers, color or colors or symbol or symbols determined by chance from among those previously selected or played, whether determined by the spinning of a wheel, a drawing or otherwise by chance (NY Const, art I, § 9). The New York Constitution further provides that certain organizations may be authorized to conduct such games provided there has been an approving vote of a majority of the qualified electors of a municipality on a proposition therefore submitted at a general or special election. The conduct of the games, however, is subject to State legislative supervision and control, and the Legislature is empowered to pass laws more restrictive than any of the constitutional provisions.

The statutory provisions concerning the conduct of games of chance other than bingo and lotto can be found in General Municipal Law article 9-A. General Municipal Law § 186 (4), however, specifically defines games of chance as not including lottery as defined in Penal Law § 225.00. That section, in turn, defines lottery as an unlawful gambling scheme in which players pay or agree to pay something of value for chances, represented and differentiated by numbers or combinations of numbers or by some other media, one or more of which chances are to be designated the winning ones; the winning chances are to be determined by a drawing or by some other method based upon the element of chance; and the holders of the winning chances are to receive something of value. It is quite clear that the raffles herein involved come within the

Penal Law definition of lottery and are thus not games of chance which may be conducted. It matters not that the payments for the raffles may be called contributions since there is still involved the payment of something of value for chances.

We further note that General Municipal Law § 189 provides that except for merchandise wheels, no single prize in a game of chance shall exceed the sum of $100. Thus, the raffle in the case at bar was also in violation of the single prize restriction.

Contracts and agreements on account of raffles are utterly void (General Obligations Law § 5-417) and absent authorization therefor, gambling contracts are illegal and the courts of this State will not enforce gambling contracts (General Obligations Law § 5-401; *Molina v Games Mgt. Servs.*, 58 NY2d 523). Plaintiffs' attempt to distinguish the present action is not persuasive. It is argued that the action is not one on a raffle but merely to collect the prize. However, to award judgment for the value of the prize would be to enforce an illegal contract.

Plaintiffs' reliance on *Johnson v New York Daily News* (97 AD2d 458, *affd* 61 NY2d 839) is misplaced. That case involved an action to recover the prize in a game run by the New York Daily News entitled "Zingo". Plaintiffs argue that neither the Appellate Division nor the Court of Appeals made any mention of illegality and conclude therefrom that an action for a prize involving a game of chance is permissible. However, an examination of the record on appeal of that case discloses that the official rules for "Zingo" provided that no purchase was necessary to enter, not even the purchase of the newspaper inasmuch as entry into the contest could be accomplished by use of plain paper rather than the printed entry form. Consequently, there was no payment of anything of value required in order to participate in the game and it was thus not unlawful *(see, People v Burns,* 304 NY 380).

Although the contract was illegal and unenforceable, recovery of double the sum of money paid for the lottery tickets, with double the costs of suit, is allowed (General Obligations Law § 5-423; *Grover v Morris,* 73 NY 473). The judgment must therefore be modified accordingly, to award such an amount to the plaintiff corporation, on whose behalf the purchase was made.

Judgment unanimously modified by striking the award to plaintiff Ray Harris and by reducing the award to plaintiff B. W. Harris, Inc. to the sum of $20, together with double the costs of the suit pursuant to General Obligations Law § 5-423, and, as so modified, affirmed, without costs.

STARK and INGRASSIA, JJ., concur.