OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant was issued a summons for gambling in public. At arraignment, defendant argued that the summons should be dismissed as facially defective, and the court agreed. This deci *737 sion explains the reasoning of the court in dismissing the summons.
The summons indicates that defendant violated section 20-451 of the Penal Code. There is no such section of the Penal Law, and for this reason alone defendant’s motion should be granted. However, this point was not presented at the oral argument, and the issue was actually decided on the interpretation of section 20-451 of the Administrative Code of the City of New York, the statutory section which all parties assumed and agreed the arresting officer meant.
Section 20-451 of the Administrative Code, dealing with “unlawful games of chance,” states:
“Any person . . . operating, or conducting a game or games of chance is guilty of a misdemeanor, except when operating, holding or conducting:
“(a) in accordance with a valid license issued pursuant to this subchapter, or
“(b) on behalf of a bona fide organization of persons sixty years of age or over, commonly referred to as senior citizens, solely for the purpose of amusement and recreation of its members where (i) the organization has applied for and received an identification number from the board, (ii) no player or other person furnishes anything of value for the opportunity to participate, (iii) the prizes awarded or to be awarded are nominal, (iv) no person other than a bona fide active member of the organization participates in the conduct of the games, and (v) no person is paid for conducting or assisting in the conduct of the game or games.”
To date, there has been no judicial interpretation of this section of the Administrative Code, and so the court must look to opinions generally concerned with gambling, games of chance, and the facial sufficiency of summonses, complaints and informations. The court notes that most cases involving criminal gambling are prosecuted under article 225 of the Penal Law.
In order to be facially sufficient, a summons must satisfy the requirements applicable to informations, containing nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offense charged, and must establish every element of the offense. (People v Cunningham, 188 Misc 2d 184 [Crim Ct, NY County 2001].) The summons must detail the prohibited conduct by delineation *738 of specific conduct; conclusory factual allegations are insufficient and render the accusatory instrument defective. (People v A.M., 2001 NY Slip Op 40124[U] [Crim Ct, NY County 2001].)
In the instant case, the summons states, “At TPO AO observed Defendant gambling in plain view of the public.”
The statute in question refers to “games of chance,” not “gambling,” and so the first question to be addressed is whether the terms may be considered synonymous.
In People v Cohen (160 Misc 10, 11 [NY City Magistrate’s Ct, Queens County 1936]), citing Black’s Law Dictionary 835 (3d ed), the court defined “games of chance” as:
“ ‘One in which the result, as to success or failure[,] depends less upon the skill and experience of the player than upon purely fortuitous or accidental circumstances, incidental to the game or the manner of playing it or the device or apparatus with which it is played, but not under the control of the player. A game of skill, on the other hand, although the element of chance necessarily cannot be entirely eliminated, is one in which success depends principally upon the superior knowledge, attention, experience and skill of the player, whereby the elements of luck or chance in the game are overcome, improved, or turned to his advantage.’ ”
In People v Turner (165 Misc 2d 222, 223 [Crim Ct, NY County 1995]), the court stated that gambling “depends in a material degree upon an element of chance.” This court also noted that it is a long-standing legal principle in the State of New York that games of skill are not within the compass of a gambling statute. (See People v Erickson, 171 Misc 937 [NY City Magistrate’s Ct, Queens County 1939].)
Based on these judicially expressed definitions, this court holds that the terms “gambling” and “games of chance” may be considered synonymous.
The court determined that the use of the term “gambling” alone is insufficient to render the summons facially defective. Pursuant to section 20-451 of the Administrative Code, the court looked at the next issue of whether the arresting officer’s statement of defendant’s action was sufficient to satisfy the statutory requirements.
The term “gambling” has been used to include such activities as bingo, lotto, raffles, three-card monte, betting on horse racing, boxing, football, baseball, and so forth. (Harris v Economic *739 Opportunity Commn. of Nassau County, 142 Misc 2d 980 [2d Dept 1989]; People v Denson, 192 Misc 2d 48 [Crim Ct, NY County 2002]; People v Erickson, op cit.) In the case at bar, the arresting officer has not indicated any specific act or type of action that might fall within the general umbrella of a gambling activity or game of chance. The summons merely indicates the officer’s conclusory statement that defendant was gambling; it contained no factual basis to support that conclusion or any indication that the activity in question did not depend upon skill rather than chance. For this reason the summons must be found to be facially insufficient.
Finally, the statute in question specifies several exceptions by which a person would be excluded from violating its provisions. The summons fails to state that none of these exceptions existed. Consequently, for this reason as well, the summons must fail.